340 So.2d 1238 (1976)
MOORE HANDLEY, INC., a Foreign Corporation, Appellant,
v.
MAJOR REALTY CORPORATION, a Foreign Corporation, Appellee.
No. 76-2076.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
James F. Page, Jr., of Page & White, Orlando, for appellant.
No appearance for appellee.
ALDERMAN, Judge.
This is an interlocutory appeal by the plaintiff below, Moore Handley, Inc., from an order denying its motion to dismiss both *1239 counts of the defendant's counterclaim. The appellant brought the original action to foreclose a mechanic's lien. Appellee Major Realty's counterclaim made the following allegations of fact:
Major Realty was informed by R & D Framing Contractors that Moore Handley was to be the supplier of certain materials for Major Realty's Cypress Creek Condominium Phase II project. R & D requested that payments be made jointly to it and Moore Handley.
R & D subsequently submitted three invoices to Major Realty for materials allegedly purchased from Moore Handley for the Cypress Creek Project; Major Realty responded with three drafts jointly payable to R & D and Moore Handley. R & D presented two of the drafts, for $67,754.67 and $57,603.96 respectively, to Moore Handley, who (Major Realty alleges) had at that time delivered only $73,332.20 worth of materials to the Cypress Creek project. Both Moore Handley and R & D endorsed the two drafts; R & D deposited them in its own account and, in the words of the counterclaim,
"Moore Handley Lumber Company, Inc. did accept from R & D Framing Contractors, Inc. some of the proceeds of those checks and did apply some of the proceeds to the Cypress Creek account and other proceeds to other accounts that R & D ... was maintaining with Moore Handley ... for other jobs, and by doing so did wrongfully apply the monies paid by Major Realty Corporation to debts other than the debt due and owing on the Cypress Creek account."
The first count of the counterclaim seeks a judgment for monies wrongfully received by Moore Handley, and in our opinion that count successfully states a cause of action, whether one labels it with the terminology of the old common count "for money had and received" (indebitatus assumpsit) or the more current "restitution" to prevent "unjust enrichment."
"An action for money had and received may, in general, be maintained whenever one has money in his hands belonging to another, which in equity and good conscience, he ought to pay over to that other." Love v. Brown Development Co. of Michigan, 100 Fla. 1373, 131 So. 144, 147 (1930).
There can be no strict rule as to what constitutes unjust enrichment, nor can an exhaustive list be given of elements which must be alleged in a pleading in order to state a cause of action for restitution. Everything depends on the circumstances of the individual case and whether or not the pleader has alleged facts which show that an injustice would occur if money were not refunded. See Cullen v. Seaboard Air Line Ry., 63 Fla. 122, 58 So. 182, 184 (1912). In the present case, at the very least a failure of consideration has been alleged.
As for the second count of the counterclaim, it purports to state a cause of action for fraud, and we hold that it fails to do so. All of the alleged unjust machinations on the part of the appellant occurred after Major Realty had been presented with invoices by R & D and had thereby been induced to make out checks payable jointly to R & D and the appellant. It is not alleged that R & D intentionally misrepresented any past or existing fact when it presented the invoices to Major Realty, and there is no indication that any further representations of any kind were made to Major Realty after it had delivered the checks. Thus we cannot even say that subsequent misrepresentations may have induced injurious inaction.
We find that Count I states a cause of action but Count II does not. That portion of the trial court's order denying appellant's motion to dismiss Count II is hereby reversed, with leave to the appellee to amend Count II.
REVERSED in part, AFFIRMED in part.
MAGER, C.J., and CROSS, J., concur.