ORFINGER, Chief Judge.
This appeal is from a final judgment in favor of defendant, Mary Panzirer on a claim for restitution filed by plaintiff, Deco Purchasing & Distributing Co., Inc. Because we find a total absence of competent, substantial evidence to support the trial court’s judgment, we reverse.
It is clear and uncontradicted that Jay Panzirer requested and received from Deco an advance of his monthly consulting fee for April, May and June, 1982. He died on March 31, 1982, before the check for the advance was written, and before he was able to render any services for which the fee was paid. The check was received by Panzirer’s secretary after his death, and in accordance with his instructions, was deposited into an account in the joint names of Panzirer and his wife Mary, the appellee here.
One who contracts to render personal services is discharged by death from rendering such services, but restitution must be made of all monies paid to him in advance for the period in which the agreed services had not been rendered. 6 Corbin on Contracts, § 1368. Because Panzirer died on March 31, and the advance was for three months beginning April 1, no services were or could be rendered, and Deco is entitled to restitution. There was a complete failure of consideration, and in such instance, restitution of the monies paid is a proper remedy. Southeast First National Bank v. Taines, 339 So.2d 275 (Fla. 3d DCA 1976).
Whether the action be referred to as one for restitution or one for “money had and received,” an action may, in general, be maintained whenever one has money in his hands belonging to another which in equity and good conscience, he ought to pay over to that other. Moss v. Condict, 154 Fla. 153, 16 So.2d 921 (1944); First State Bank of Fort Meade v. Singletary, 124 Fla. 770, 169 So. 407 (1936); Moore Handley, Inc. v. Major Realty Corporation, 340 So.2d 1238 (Fla. 4th DCA 1976). Because the check was deposited to an account owned jointly by Jay Panzirer and his wife Mary, she now has the funds which rightly belong to Deco.
The judgment is reversed and the cause is remanded with directions to enter judgment for Deco. In the light of this ruling, the cross appeal by the successor personal representative of Jay Panzirer’s estate agreeing that the money does not belong to Mary but contending that it is an asset of the estate, is moot.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.