454 So.2d 626 (1984)
AMERIFIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States Corporation, Appellant,
v.
Norman COHEN, Individually, and As Trustee of Trust No. 71-Lt-100, Appellee.
No. 82-2556.
District Court of Appeal of Florida, Third District.
July 10, 1984.
Rehearing Denied September 14, 1984.
*627 Fowler, White, Burnett, Hurley, Banick & Strickroot, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Gerald Richman and Bertha Claire Lee and William C. Hearon, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a non-final order which enters a partial summary judgment for the plaintiff on one count of a five-count complaint, and orders the defendant in the action to deliver a certain mortgage and promissory note to the plaintiff on the basis that the plaintiff is "the rightful owner and proper holder of the note and mortgage in question." We have jurisdiction to entertain this appeal because the subject order is an appealable non-final order under Article V, Section 4(b)(1) of the Florida Constitution, as implemented by Fla.R.App.P. 9.130(a)(3)(C)(ii). The order under review plainly "determine[s] ... [the] right to immediate possession of property," Fla.R.App.P. 9.130(a)(3)(C)(ii), as to the above-stated mortgage and note, and is therefore appealable to this court. Fla. Const. art. V, § 4(b)(1); Fla.R.App.P. 9.130(a)(3)(C)(ii).
The order appealed from voids the enforcement of certain provisions of a court-approved settlement agreement entered into by the parties to a mortgage foreclosure action. The parties to the prior foreclosure action and the parties to the instant action are the same, to wit: Amerifirst Savings and Loan Association ("Amerifirst"), the creditor, and Norman Cohen, as trustee under a land agreement ("Cohen"), the debtor. Subsequent to the settlement agreement herein, Cohen filed a five-count complaint against Amerifirst seeking in count I of the complaint to declare unenforceable certain provisions of the court-approved settlement agreement and to obtain possession of a mortgage and note held by Amerifirst pursuant to the above-stated provisions of the settlement agreement. The trial court granted the relief requested on the ground that it would be unconscionable to enforce these provisions of the settlement agreement. Amerifirst appeals.
The facts of this case are exceedingly complex and will not be reviewed in any detail in this opinion. Suffice it to say that the settlement agreement was entered into by sophisticated and knowledgeable business persons in an arms-length transaction in which both parties received considerable benefits. It was a balanced agreement which settled a lawsuit between the parties and was subsequently approved by court order. Both parties fully understood what they were agreeing to; there was no over-reaching by anyone; and the terms of the agreement, without dispute, contained no unconscionable terms.
True, as events worked out subsequent to the agreement, Amerifirst now stands to make over four million dollars pursuant to the agreement, after the underlying indebtedness together with interest, attorney's fees, and other costs have been paid. Contrary to the trial court's conclusion, however, making a handsome profit on an agreement, due to events subsequent to the agreement, hardly renders the enforcement of the agreement unconscionable or the provisions in question a forfeiture. Cohen gained much from this agreement and cannot now be permitted to back out of those provisions of the agreement which he deems harsh or onerous. See Geldermann & Co. v. Lane Processing, Inc., 527 F.2d 571, 576 (8th Cir.1975); Steinhardt v. Rudolph, 422 So.2d 884, 889-90 (Fla.3d DCA 1982), pet. for review denied, 434 So.2d 889 (Fla. 1983).
The order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.