511 So.2d 363 (1987)
Frank SHARP, III, et al., Appellants,
v.
Evelyn M. BOWLING, Appellee.
No. 86-1326.
District Court of Appeal of Florida, Fifth District.
July 9, 1987.
Rehearing Denied August 17, 1987.
*364 Charles Evans Davis of Fishback, Davis, Dominick & Bennett, Orlando, for appellants.
John P. Horan of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, for appellee.
COWART, Judge.
This is an appeal from a final judgment on a claim for unjust enrichment.
During 1982, appellants, as employers of appellee, withheld from employee/appellee's gross wages approximately $3000 for federal income taxes. A computer service hired by the employers issued a W-2 form erroneously indicating that $6777.71 had been deducted from the employee's wages. As a result of the erroneous W-2 form, the employee and her husband sought and received a tax refund of approximately $3700 for the 1982 tax year.
The Internal Revenue Service discovered the error and demanded from the employers the additional sum, plus interest and penalties. The employers called upon the employee to make restitution, and the employee refused claiming she no longer had the money as she had spent it on her son's education. IRS levied on the employers' bank accounts and seized the difference between the amount withheld from the employee's wages and the amount erroneously reported, plus interest and penalties. The employers then filed an action for unjust enrichment against the employee to recover the monies obtained by IRS.
The trial court entered final judgment denying relief to the employers finding that the employers had made a unilateral mistake, and that even though the employee incurred a windfall benefit, it would have been "a detriment to her to reimburse the [employers] out of funds unrelated to the windfall benefit" as she had spent the windfall in every day living.
The common law count known as "money had and received" constitutes a remedy at law to recover money erroneously paid or received by a defendant when to permit the defendant to keep the money would unjustly deprive the plaintiff of his *365 ownership of the money. Moss v. Condict, 154 Fla. 153, 16 So.2d 921 (1944); First State Bank of Fort Meade v. Singletary, 124 Fla. 770, 169 So. 407 (1936); Bishop v. Taylor, 41 Fla. 77, 25 So. 287 (1899); Gordon v. Camp, 2 Fla. 422 (1849); Deco Purchasing and Distributing Co., Inc. v. Panzirer, 450 So.2d 1274 (Fla. 5th DCA 1984); Moore Handley, Inc. v. Major Realty Corp., 340 So.2d 1238 (Fla. 4th DCA 1976). Though this remedy is an action at law, it is equitable in nature and is founded upon the equitable principle that no one ought to be unjustly enriched at the expense of another. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937); Federal Land Bank v. Godwin, 107 Fla. 537, 136 So. 513 (1931).
The trial judge's finding that it would be a detriment to the employee to reimburse her employers out of funds unrelated to the windfall benefits is not in accord with general principles of law and equity. In one sense it is always detrimental to a debtor to have to pay money owed. Under the principle of unjust enrichment and the quasi-equitable remedy known as the common law count of money had and received, we find a total absence of competent substantial evidence to support the trial court's judgment. Every time an owner inadvertently leaves his money or other property in the possession of another, or inadvertently pays the debt of another, or inadvertently deposits his money to the account of another, his mistake is unilateral, but the law or equity affords the owner a remedy to recover from one who would otherwise be unjustly enriched by the owner's unilateral mistake. These instances do not involve the equitable remedy of rescission of a contract because of a mutual mistake. Here the employee has clearly been unjustly enriched at the expense of her employers as she received from IRS money to which in equity and law she was not entitled and for which her employers were forced to reimburse IRS. In equity and good conscience she should be required to reimburse her employers.
We reverse and remand with instructions to enter judgment for the employers/appellants.
REVERSED and REMANDED.
ORFINGER, J., concurs.
UPCHURCH, C.J., dissents without opinion.