553 So.2d 1306 (1989)
Thelma MORRIS, a/K/a Terry Morris, an Unremarried Widow, Appellant,
v.
NN INVESTORS LIFE INSURANCE COMPANY, INC., Metropolitan Life Insurance Company and Richard W. Elliott, Appellees.
No. 88-2833.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Rehearing and Rehearing Denied December 12, 1989.
Alan E. Greenfield and Evan J. Langbein, Miami, for appellant.
Hinshaw, Culbertson, Moelmann, Hoban & Fuller and Jeffrey A. Blaker, Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler and Joseph Lowe, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
Rehearing and Rehearing En Banc Denied December 12, 1989.

Substituted Opinion
NESBITT, Judge.
We withdraw the opinion in this case released on August 1, 1989 and substitute it with the following:
This is an appeal from an order dismissing a cause of action for failure to prosecute. We affirm.
Thelma Morris sued the defendant insurance companies and insurance agent Elliott seeking the proceeds of an insurance policy on the life of her husband. Summary judgments were granted on certain claims, and in March 1987, the trial court on its own motion set a jury trial on the remaining claims for a two-week trial period starting November 2, 1987. Soon thereafter, defendant Elliott moved for a continuance until the next available trial calendar after November 2 so that he could accompany the American rugby team on a tour of England. In the motion, Elliott stated that the *1307 plaintiff would not be prejudiced by the grant of a continuance.[1] The trial judge granted the continuance but removed the case from the docket and ordered that it be re-noticed for trial by any party.
After entry of that order in May 1987, the only action taken in the case was the court's denial of NN Investors' motion for summary judgment on the negligence claim on August 27, 1987. On August 29, 1988, Elliott moved to dismiss the case for failure to prosecute. Finding that Morris's attorney failed to show good cause for his failure to prosecute the case, the trial judge granted the motion. This appeal followed.
According to Florida Rule of Civil Procedure 1.420(e), a plaintiff may avoid dismissal of a cause of action for failure to prosecute upon a showing of good cause why the action should remain pending. However, as the trial judge ruled, plaintiff's claims that her counsel had changed offices, suffered several secretarial changes, and simply overlooked the case did not constitute sufficient good cause to avoid dismissal. See Florida Power & Light Co. v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973). The plaintiff claims, nevertheless, that because the defendant stated in his motion for continuance that the plaintiff would suffer no prejudice by its grant, the defendant, having been granted the continuance, is now estopped from obtaining the order which resulted in the ultimate prejudice to plaintiff's case: dismissal of the cause. We disagree.
Estoppel does not apply in this instance since it was the court which, in granting the motion for continuance, removed the cause from the calendar to be re-noticed by any party. The supreme court stated in Fishe & Kleeman, Inc. v. Aquarius Condominium Ass'n, Inc., 524 So.2d 1012, 1014 (Fla. 1988), adopting the reasoning of the Second District in Bogart v. F.B. Condominiums, Inc., 438 So.2d 856 (Fla. 2d DCA 1983), review denied, 449 So.2d 264 (Fla. 1984) that when a case is continued once notice for trial is given, "the litigants have an obligation to re-notice the case for trial or at least initiate some action to alert the Court that the case needs to be reset" in order to avoid a dismissal for lack of prosecution. It follows that just as the mere grant of a continuance once a case has been noticed for trial does not bar the court from dismissing an action for lack of prosecution, neither does it automatically estop the party who moved for and obtained the continuance from later obtaining an order dismissing the cause for failure to prosecute. In this case, therefore, the trial judge's order superceded any right of the plaintiff to rely on the defendant's statements in his motion for continuance.
Affirmed.
SCHWARTZ, Chief Judge (dissenting).
On March 10, 1987, Mrs. Morris's case was set for trial by the court for November 2, 1987. When that occurred, the defendant Elliott moved for a continuance until after that date, stating that "no prejudice would result" if it were granted. On that basis, without objection from the plaintiff who did not even appear at the motion *1308 hearing, the cause was removed from the trial calendar. Thereafter, notwithstanding counsel's statement,[1] and without prior notice to the plaintiff, he moved for dismissal for lack of prosecution on August 30, 1988, the 368th day after the last previous activity in the case. This appeal is from the order granting that motion.
It is of course clear that if the case had been tried on November 2nd, it could not have been dismissed  as in fact it was  for lack of prosecution for one year. Thus, the lawyer's promise that Mrs. Morris would not be prejudiced by agreeing to a continuance granted at his client's request and convenience was directly violated, and her case was dismissed as a result of that breach. I can think of no more obvious an example of the litigation-by-ambush tactics we have often and correctly condemned. See Bendeck v. Berry, 546 So.2d 14 (Fla. 3d DCA 1989) (Cope, J., concurring); Chatmon v. Woodard, 492 So.2d 1115, 1116 n. 2 (Fla. 3d DCA 1986); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979). Even more, I cannot agree that conduct by an attorney which is so greatly inspired by an unrestrained desire to win his case and so little by the dictates of professionalism, see Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1454 (11th Cir.1985) (Fay, J., concurring); BankAtlantic v. Blyth Eastman Paine Webber, Inc., 127 F.R.D. 224 (S.D.Fla. 1989), should be rewarded by success.[2] I therefore must dissent.
NOTES
[1] Clearly, defendant Elliott did nothing to prejudice the plaintiff or to lull the plaintiff into a false sense of security.

First, it must be noted that the trial judge, acting on his own motion, entered the March 10, 1987 order setting the case for a November 2, 1987 trial calendar after a period of almost two years had passed from the filing of the complaint, without the plaintiff ever requesting that the case be set for trial.
Second, although the March 10, 1987 order scheduled a trial date almost eight months thereafter, the defendant's motion for continuance was filed promptly within twenty-two days after the entry of that order. Furthermore, the trial judge, in granting the motion for continuance, ordered that the cause be "removed from the two week trial calendar on November 2, 1987, to be re-noticed by any party" despite the fact that the defendant's motion only requested that the case be "continued to the next available trial date after the November 2, 1987 trial calendar."
[1] The same lawyer, Joseph Lowe, who represents Elliott in this court, did so below.
[2] Things have come to such a pass in our profession that this writer was and is genuinely concerned about even recording these views. This is because, while I obviously disapprove of the lawyer's conduct, the reader will observe that this disapproval is embodied only in a dissent and his tactics have prevailed. Thus, very many to whom victory is all might well believe that his conduct should be emulated, rather than despised. I hope, but cannot be sure, that this will not be the case.

(I must observe also, that, in large measure, we have only ourselves to blame for the declining professionalism which many, including the leaders of the bar itself, have recently decried. See Liles, Professionalism and the Confidentiality Debate: Why Do We Fear Openness?, Fla.B.J., May, 1989, at 4; Liles, Professionalism: Advertising and Solicitation  In Search of a Better Understanding, Fla.B.J., February, 1989, at 5; Liles, Professionalism; Rebirth of an Ideal, Fla. B.J., October, 1988, at 5. For example, many requirements with respect to courtesy to opposing litigants, the court and the like, see Fla.Bar Code Prof.Resp., EC 7-22, 7-25 to 7-26, 7-35 to 7-39, which were contained in the previous Code of Professional Responsibility, were eliminated without objection and have no counterpart in the present Rules Regulating the Florida Bar. Even new proposals on these subjects will have no disciplinary effect and must remain therefore mere precatory homilies which cannot be expected to raise the standards which should govern the practice. See Professionalism Standards Get Conceptual Okay, Fla.B. News, June 15, 1989, at 5, col. 1. In my view, this is very unwise.)