566 So.2d 810 (1990)
RAPID CREDIT CORP., Luis De Villiers, and Remberto Cabrera, Appellants,
v.
SUNSET PARK CENTRE, LTD., Heriberto Sardina, and Loumar Developers, Inc., Appellees.
No. 90-626.
District Court of Appeal of Florida, Third District.
July 17, 1990.
Rehearing Denied October 8, 1990.
Arthur J. Morburger, and Stephen M. Zukoff, for appellants.
Mishan, Sloto, Hoffman & Greenberg, and Barry N. Greenberg, and Carol L. Cox, for appellee Sunset Park Centre, Ltd.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
PER CURIAM.
This is an interlocutory appeal from the denial of motions to set aside clerk's orders of defaults, entered by the clerk without notice. We reverse and remand.
*811 Appellee, Sunset Park Centre, Ltd. (Sunset), and appellant, Rapid Credit Corp., and their respective general partners, disputed a real estate transaction. As part of litigation between Sunset and Rapid, Rapid sought specific performance of that real estate contract.
During the pendency of the specific performance action, Sunset lost its interest in the property due to foreclosure. Sunset then filed a separate action against Rapid and its officers (Rapid), from which this appeal is taken.[1] In this action, Sunset sought to recover money damages for the loss of its interest in the property (which Sunset claimed was a result of Rapid's dilatory tactics in the specific performance action).
Due to Rapid's failure to file any papers in this case, the clerk entered orders of default without notice. However, prior to the entry of the defaults, Rapid had filed a motion to transfer and consolidate this case with the older pending specific performance case. The motion to transfer and consolidate was filed in error in the specific performance case and was denied by the administrative judge.
Unaware of the default in this case, Rapid continued to defend the case. For example, Rapid filed a motion to dismiss and a motion for a protective order. Rapid and Sunset attended both hearings on the motions. At no time did Sunset's attorney advise the court of Rapid's motion to transfer and consolidate filed in the specific performance case, or advise opposing counsel of the defaults entered in this money damages case.
Two months later, a new attorney was added to Rapid's defense team. While examining the court file, counsel first learned of the defaults. Rapid's motions to set aside the defaults were denied and this appeal followed.
Simply stated, the issue before this court involves an attorney's affirmative duty to disclose information regarding the procedural status of a case, both to the court and opposing counsel, prior to a default being entered. The rules and case law are clear on this issue.
Florida Rule of Civil Procedure 1.500(b) provides that if a party has filed or served any paper, the party shall be served with notice of the application for default. See J.A.R., Inc. v. Universal American Realty Corporation, 485 So.2d 467 (Fla. 3d DCA 1986) (a letter asserting an informal defense sent to plaintiff was enough to preclude any entry of default without notice).
Rapid's motion to transfer and consolidate the case, though erroneously filed, should have put Sunset's attorney "on notice" that Rapid intended to contest the action. This notice, under rule 1.500(b), required Sunset's attorney to notify Rapid before seeking a default. Further, rule 1.500(b) requires that the court, rather than the clerk, enter a default when any paper has been filed or served. Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989).
Here, once Rapid filed its motion to consolidate, Sunset's attorney clearly should have known that Rapid intended to defend this action. Sunset's attorney should have realized the confusion with the case numbers and that Rapid's attorney intended to defend on the merits. In Gulf Maintenance, the court held, "[a] default is a procedural matter within the control of the attorney, so plaintiff's counsel should contact the attorney known to be representing a defendant to determine whether the latter intends to proceed in the matter before causing a default to be entered." 543 So.2d at 816.
Because we agree that the defaults were improperly entered where Rapid had filed a motion and Sunset was aware of Rapid's intention to defend, we find no need to address Rapid's other contentions. Accordingly, we reverse and remand for vacation of the defaults and for further proceedings consistent with this opinion.
Reversed and remanded.
LEVY and GERSTEN, JJ., concur.
*812 SCHWARTZ, Chief Judge (specially concurring).
I believe that the actions of the appellees' attorneys in this case, Barry N. Greenberg and Gary Scott Salzman of the firm of Mishan, Sloto, Hoffman & Greenberg, were so disgraceful that an inquiry by the Florida Bar into the professional misconduct apparently involved is warranted. While I am all too well aware that  in a policy which is, in my judgment, both very wrong and very self-defeating  the Bar seems generally not to consider conduct which is "merely" unprofessional worthy of professional discipline, see Morris v. NN Investors Life Ins. Co., 553 So.2d 1306, 1308 n. 2 (Fla. 3d DCA 1989) (Schwartz, C.J., dissenting),[1] the actions of the lawyers in this case went much further. Their implied representations to the clerk, to secure a default without notice, that the defendants had made no appearance in the case and, even more shocking, their similar representations  no less untrue and no less wrongful because they were made by silence  that their appearances before the lower court were something more than charades, although an unrevealed default had already been taken, may involve violations of Florida Bar Rule of Professional Conduct 4-3.3, which requires "candor toward the tribunal" and of Rule 4-3.4, which concerns "fairness of opposing party and counsel." In any event, I believe it my duty, imposed by Florida Bar Rule of Discipline 3-7.7(h), to inform the Bar of these events so as to permit it to make its own decision.[2] This opinion will serve that purpose.
NOTES
[1] Sunset sued other parties, however, they are not involved in this appeal.
[1] One of the most disquieting aspects of this unfortunate case is that, when asked at oral argument how his conduct could be justified, Greenberg boldly suggested that it was required by his "duty to his client." But see Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla. 4th DCA 1980) (Hersey, J., concurring). See generally Comment, Collegiality, Justice, and the Public Image: Why One Lawyer's Pleasure Is Another's Poison, 44 U.Miami L.Rev. 807 (1990). That an attorney of good reputation could believe that this reason justified the activity below is fresh evidence of what we already know: that the standards of our noble profession are in what appears to be a headlong descent into the pit. Too many members of the Bar practice with complete ignorance of or disdain for the basic principle that a lawyer's duty to his calling and to the administration of justice far outweighs  and must outweigh  even his obligation to his client, and, surely what we suspect really motivates many such inappropriate actions, his interest in his personal aggrandizement. See Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1454 (11th Cir.1985) (Fay, J., concurring); Bank Atlantic v. Blyth Eastman Payne Webber, Inc., 127 F.R.D. 224 (S.D.Fla. 1989), appeal dismissed, 890 F.2d 371 (11th Cir.1989).
[2] It should be noted that this court has found counsel's present appellate attempt to defend the default secured in this case so frivolous that it has granted the appellants' motion to assess attorney's fees under section 57.105, Florida Statutes (1989).