581 So.2d 906 (1991)
SHARFF, WITTMER & KURTZ, P.A. and James D. Grainger, Appellants,
v.
Joseph M. MESSANA and Ruth B. Messana, Appellees.
No. 90-1256.
District Court of Appeal of Florida, Third District.
May 7, 1991.
Rehearing Denied August 1, 1991.
*907 Hinshaw, Culbertson, Moelmann, Hoban & Fuller and Donna Waters Romero, Boca Raton, for appellants.
Ruden, Barnett, McClosky, Smith, Schuster & Russell, and James R. George and Glenn E. Goldstein, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN[*], JJ.
PER CURIAM.
This is an appeal by the defendants Sharff, Wittmer & Kurtz, P.A. and James D. Grainger from a final order denying their motion to set aside a settlement agreement in an accountant's malpractice action. We reverse upon a holding that where, as here, (a) an accountant enters into a settlement agreement in a malpractice action brought against him by his former clients for allegedly negligent preparation of the clients' income tax return, and (b) the Internal Revenue Service subsequently refunds to the former clients the full sum which was lost due to the accountant's alleged negligence, the subject settlement agreement may be vacated upon motion of the accountant on the ground of unjust enrichment.
Plainly, under the above circumstances, the former clients have received a recovery from the accountant for damages which the said clients have subsequently been reimbursed for; this being so, the clients should not in good conscience be allowed to keep this windfall recovery. Indeed, unjust enrichment as an action "exists to prevent the wrongful retention of a benefit ... in violation of good conscience and fundamental principles of justice or equity," Challenge Air Transp., Inc. v. Transportes Aereos Nacionales, S.A., 520 So.2d 323, 324 (Fla. 3d DCA 1988), and has been employed to prevent similar-type windfall recoveries. For example, in Circle Finance Co. v. Peacock, 399 So.2d 81 (Fla. 1st DCA), rev. denied, 411 So.2d 380 (Fla. 1981), the doctrine was used to prevent a finance company from retaining both a deed transferring the mortgagors' interest in their home and the proceeds of a credit disability policy. As the court stated "the doctrine recognizes that one party should not be indemnified twice for the same loss to the detriment of another party." Id. at 84. Moreover, in Sharp v. Bowling, 511 So.2d 363 (Fla. 5th DCA 1987), the court relied, in part, on unjust enrichment to force an employee to reimburse her employer for moneys the employer had to pay the IRS as a result of an error in reporting the amount of federal income taxes withheld from the employee's wages. Although the mistake had been a unilateral one made by the employer, the court concluded that the employee, who had received a tax refund from the IRS as a result of the mistake, had been unjustly enriched and "[i]n equity and good conscience ... should be required to reimburse her employers." Id. at 365.
*908 We recognize that settlement agreements are highly favored under the law, Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla. 1985), and ordinarily will not be set aside when, due to subsequent events, one party to the agreement stands to reap a handsome profit. Amerifirst Fed. Sav. & Loan Ass'n v. Cohen, 454 So.2d 626, 627 (Fla. 3d DCA 1984), rev. denied, 464 So.2d 554 (Fla. 1985). Where, however, a person settles a lawsuit and receives a recovery thereunder  and later is fully reimbursed for the alleged loss suffered, as here, said person has obviously received a windfall recovery which in good conscience he should not be allowed to retain.
The final order under review is reversed and the cause is remanded to the trial court with directions to grant the defendants' motion to set aside the settlement agreement herein.
Reversed and remanded.
HUBBART and GERSTEN, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
I entirely agree with the result reached by the court and the reasoning employed in support of that conclusion. I deem it necessary to write separately, however, in order to explain that our decision is based upon determinative facts of which the circuit court was totally unaware when it entered the decision under review because they were concealed from it  and from this court until the last stage of this appeal  by what I believe was wholly improper conduct of appellees' counsel.
At the time that a settlement for $70,000 was agreed to, the plaintiffs-appellees' accounting malpractice claim of about $58,000 had, with interest, reached approximately $120,000. Before the settlement was finally consummated, the defendants-accountants received word from the IRS  and so alleged in a motion to set aside the settlement  that an "IRS refund in a sum of $54,000 would be returned to the plaintiffs." Under these circumstances, the plaintiffs would have recovered a total sum which approximated their actual loss, which, as the trial court apparently held, might not justify setting the $70,000 agreement aside. In fact, however  unknown to the defendants, their counsel or the court  the IRS had refunded the Messanas over $118,000, which this court properly characterizes as "the full sum which was lost due to the accountant's alleged negligence." Op. at 907. Plaintiffs' counsel, with obvious deliberation, did not reveal this to anyone in the trial court and permitted the case to be decided upon an untruth  that only $54,000 had been recovered from the IRS. (Indeed, we are told that when the accountants suggested that they wished information from the IRS as to the exact proceeds, they acceded to opposing counsel's request that they not "rock the boat" by raising any questions as to the unexpected largesse.)
This appalling situation continued even through the briefing stages of this appeal. Thus, the appellants' brief specifically stated that plaintiffs had received a "refund from the IRS of $54,316." Although one of the primary functions of an appellee's brief is to correct errors in the appellant's, the Messanas' brief here did not disabuse counsel or, more importantly, this court of this obvious error, and merely referred in general terms  as counsel had in the trial court  to the receipt of a "recovery of the lost investment tax credit" in an unspecified amount. It was only at the oral argument of this case, and then only after the court had specifically asked the appellants' counsel, who could not answer the question because she had never seen the IRS refund check, precisely what the check contained, that counsel for the appellees first admitted that the $118,000 "full payment" had been received.
In my view, the attempts of the appellees' attorneys to secure victory by the failure to reveal a known and obviously decisive fact cannot be countenanced.[1] See Fla. Bar Rules Prof. Conduct Rule 4-3.3 *909 ("(a) A lawyer shall not knowingly: (1) Make a false statement of material fact or law to a tribunal; (2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by his client... ."); Fla. Bar Rules Prof. Conduct Rule 4-3.3 comment ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."). It is my continuing, if probably unjustified, hope that actions of this kind  of which the courts see so much[2]  will not be countenanced by the Florida Bar, to which by a copy of this opinion I now refer the matter.
NOTES
[*] Judge Gersten did not hear oral argument, but participated in the decision.
[1] It seems hardly a mitigating circumstance that the information was in fact finally revealed when that disclosure occurred only at the last possible moment and when it could no longer be avoided.
[2] See Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1454 (11th Cir.1985) (Fay, J., concurring); BankAtlantic v. Blyth Eastman Payne Webber, Inc., 127 F.R.D. 224 (S.D.Fla. 1989), appeal dismissed sub nom. Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Payne Webber, Inc., 890 F.2d 371 (11th Cir.1989); State v. Mejia, 579 So.2d 766 (Fla. 3d DCA 1991) (Levy, J., specially concurring); Franklin v. Stettin, 579 So.2d 245 (Fla. 3d DCA 1991); Emerson Realty Group, Inc. v. Schanze, 572 So.2d 942 (Fla. 5th DCA 1990); Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So.2d 810, 812 (Fla. 3d DCA 1990) (Schwartz, C.J., specially concurring), pet. for review denied sub nom. Sunset Park Centre, Ltd. v. District Court of Appeal, Third District, 581 So.2d 167 (Fla. 1991); Morris v. NN Investors Life Ins. Co., 553 So.2d 1306, 1307 (Fla. 3d DCA 1989) (Schwartz, C.J., dissenting), review denied, 563 So.2d 633 (Fla. 1990).