591 So.2d 974 (1991)
Troy G. GREGORY, et ux., Appellants,
v.
Anthony CONNOR, et al., Appellees.
No. 90-2637.
District Court of Appeal of Florida, Fifth District.
December 12, 1991.
Rehearing Denied January 23, 1992.
Neal P. Pitts of Neal P. Pitts, P.A., Orlando, for appellants.
David W. Henry of McDonough, O'Neal & O'Dell, Orlando, for appellees, Bill Eyerly Ins., Inc., William C. Eyerly and Cappleman Agency, Inc.
Gary T. Ring of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for appellee Anthony Connor.
*975 HARRIS, Judge.
This appeal involves a judgment for money damages for personal injuries. After eating at the Lake Susan Lodge Restaurant, Gregory contracted salmonella poisoning and sustained permanent injury. He developed thrombosis in his legs as a result of the poisoning and became paralyzed. He then suffered a heart attack and complete renal failure and was hospitalized in intensive care on several occasions.
Gregory sued Anthony Connor d/b/a Lake Susan Lodge on November 12, 1986. Connor was personally served on October 5, 1987. When Connor failed to file an answer, a motion for default was filed on November 16, 1987, and a default was entered on the same day. On August 4, 1988, Connor appeared through his attorney and filed a pretrial memorandum but did not file an answer or move to set aside the default. During the trial on damages, Connor testified that Lake Susan Lodge was owned by a Florida corporation, Bro-Con, Inc., which was voluntarily dissolved on November 16, 1987.[1] No motion was made to substitute parties.
A final judgment was entered in favor of Gregory in the amount of $317,000, and an amended final judgment taxing costs was entered on February 27, 1989. Connor appealed to this court on the ground that fundamental error was committed because a final judgment was entered personally against Connor even though Gregory had notice that Lake Susan Lodge was owned and operated by Bro-Con, Inc. Again there was no motion to set aside the default. On June 28, 1989, Connor asked this court to relinquish jurisdiction to allow a determination of issues under Rule 1.540, Florida Rules of Civil Procedure, by the trial court. We declined. The case was then affirmed per curiam on March 13, 1990. 559 So.2d 1151.
While the case was on appeal, a writ of execution was issued against Casualty Indemnity Exchange, Lake Susan Lodge's insurance company. Gregory sought to garnish the CIE policy because, although Bro-Con, Inc. was the named insured under the policy, Connor was an additional insured. CIE filed a declaratory judgment action against Bro-Con claiming no coverage because the claim was not timely reported to the insurance company. CIE also sued William Eyerly (the insurance agent for Bro-Con, Inc. who procured the insurance policy), Bill Eyerly Insurance, Inc. and Cappleman Insurance Agency (the company which purchased the Eyerly Insurance Agency) for indemnity on the theory that if CIE was obligated to provide coverage, Eyerly and Cappleman should indemnify CIE because Eyerly failed to provide notice of the lawsuit to CIE. CIE further alleged that Eyerly was an agent for Connor and not CIE. Gregory intervened in that action.
A separate negligence and breach of contract action was filed by Gregory against Eyerly and Connor as an alternative to the garnishment action.[2] Gregory alleged in this action that Eyerly failed to forward suit papers which prejudiced his alleged right to insurance proceeds under the CIE policy. After a series of complaints was dismissed Gregory filed a fourth amended complaint. Connor sued his initial attorney, Hugh Lee, the Eyerly Insurance Company and the Cappleman Insurance Company. He sued Lee for malpractice, alleging he failed to file a responsive pleading to the original complaint filed by Gregory. He also alleged that the insurance companies failed to defend which eventually resulted in a judgment against him individually. He thereafter assigned his cause of action against Eyerly and Cappleman to Gregory in exchange for a covenant not to execute on the judgment against him individually.
Finally Connor, Eyerly and Cappleman served 1.540 motions for relief from judgment in the original suit on the ground that the final judgment had been entered against an improper party (Connor) who *976 was not the actual or legal owner of the business and the judgment was therefore the product of mistake. The trial court dismissed the fourth amended complaint in the negligence action as premature and then entered an order granting the motion for relief from judgment and default, finding that the original final judgment was entered against an improper party and was no longer equitable. We reverse the order granting relief from the final judgment.
This exact issue was before this court in the prior appeal, and under the record presented, we affirmed the validity of the judgment. Unless some new ground arose after the appeal or something was newly discovered that could have been presented during the original trial but was not, then Rule 1.540 cannot be used to reverse the judgment of this court.
Testimony concerning the dispute in the ownership of the restaurant was before the original trial court. It rejected Connor's claim at that time apparently because there were no proper pleadings before the court raising the issue because a default had been properly entered against Connor. On appeal, we agreed.
Nothing new was presented at the hearing held after this court's earlier mandate. The attorney for the various insurance interests in seeking relief under Rule 1.540 urges that the original default was invalid because of the improper conduct of Gregory's attorney. He relies on Ole, Inc. v. Yariv, 566 So.2d 812 (Fla. 3d DCA 1990). We find that his reliance on this case is misplaced. Ole involved a situation in which plaintiff's attorney, after granting an extension to the insurance company to obtain counsel, moved for and obtained a default. The first time the defendant knew that he wasn't represented was when he read about a $7,000,000 judgment entered against him. Ole immediately moved to set aside the default and default judgment. He did not participate in the damages portion of the trial, knowing of the default, and then later complain that he was found liable.
After default was entered in this case on November 16, 1987, plaintiff noticed the case for trial. Trial was set for August 22, 1988, and Connor was notified. Connor's attorney filed a pretrial compliance statement but no answer to the complaint and no affirmative defense  even though he received a copy of Gregory's pretrial compliance statement showing the previous entry of default against Connor. The date of certificate of service on Gregory's pretrial compliance was August 3, 1988.
The trial was removed from the August docket and mediation was ordered for January 17, 1989 with the new trial date, if necessary, scheduled for January 30, 1989. By certificate of service dated January 5, 1989, Gregory served yet another pretrial compliance statement and again informed Connor of the default. Still no motion to set aside default was filed and no answer to the complaint was proffered. Connor was present and testified at the trial.
It goes without saying that Connor was underrepresented. But the blame for this cannot be placed on either the trial court or plaintiff's attorney. Connor had his day in court. He had ample opportunity to address the default issue and thus raise the restaurant ownership issue before the final judgment and before the original appeal in this case. Rule 1.540 permits relief from a final judgment which results from mistake, inadvertence, surprise or excusable neglect. But this assumes that such cause for relief was not known before the judgment was entered. The only alleged "mistake" (the ownership of the restaurant) was unsuccessfully litigated in the original action. The final judgment could also have been set aside based on "newly discovered evidence." The only newly discovered evidence alleged in this case is that plaintiff's counsel requested a default although he knew Connor had contacted an attorney.[3] We find plaintiff's counsel's action appropriate under the facts of this *977 case. Neither the rule nor equity places the moving party at the mercy of the dilatory defender.
Finally, it is asserted that Rule 1.540 grants relief because "it is no longer equitable that the judgment should have prospective application." Again we read this provision as requiring that something has transpired since the entry of the judgment that equitably limits its future application. Such is not present here.
REVERSED and REMANDED with instructions to reinstate the original judgment.
DAUKSCH, J., and WALDEN, J.H., Senior Judge, concur.
NOTES
[1] The record reflects that appellee failed to comply with the fictitious name statute. Furthermore, testimony given by appellee at his October 31, 1989 deposition reflects that he was the president and sole shareholder of Bro-Con, Inc. (R 1001).
[2] These cases were all consolidated.
[3] The deposition proffered to prove this fact was stricken because it was not made a part of the record below. Even if we were to consider this deposition testimony, our opinion would not change.