799 So.2d 378 (2001)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., Appellant,
v.
Mark McWILLIAMS[1] as Administrator Ad Litem of the ESTATE OF Edward J. MEYER, Deceased, Appellee.
No. 4D00-2903.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
*379 Charles M-P George and Peter V. Fullerton of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for appellant.
Andrew K. Fein of Block & Minerley, P.L., Boca Raton, for appellee.
POLEN, C.J.
National Union Fire Insurance Company of Pittsburgh, P.A. ("appellant") timely appeals from a nonfinal order denying its motion to set aside the clerk's default. It argues that the default was improper because the former co-personal representatives of Edward's estate, Marcia Ann Meyer ("Marcia") and Frank Meyer ("Frank"), failed to contact appellant's Florida counsel before seeking default, even though they knew that it was represented by counsel in Florida and intended to defend on the merits. We agree and, thus, reverse.
Liza Chafiian represented appellant in an action filed against Edward Meyer ("Edward") in the United States District Court for the Southern District of New York. The district court entered a final summary judgment in appellant's favor on September 17, 1999, which was forwarded to appellant's Florida counsel, Cohen, Berke, Bernstein, Brodie, and Kondell ("Cohen, Berke") in Miami for enforcement. Eleven days prior to that entry, however, Edward died; his counsel never informed the New York court or Chafiian's firm of Edward's death.
Cohen, Berke then took steps to domesticate the New York judgment in the Palm Beach County, Florida circuit court, which included filing an affidavit indicating that a judgment in the amount of $222,387.53 had been entered against Edward, whose last known address was located in Boca Raton, Florida. The clerk of the circuit court sent notice of the foregoing to Edward at the Boca Raton address, including information showing that Cohen, Berke was appellant's attorney of record and showing its mailing address and telephone number in Miami. Marcia signed the return receipt on February 24, 2000.
On March 9, 2000, Marcia and Frank, as co-personal representatives of Edward's estate, filed a complaint against appellant in the Palm Beach County circuit court, contesting the validity and domestication of a foreign judgment pursuant to section 55.505, Florida Statutes (1999). The complaint alleged that they had received letters of administration on October 13, 1999, published the notice of administration on November 17 and November 24, 1999, and mailed a copy of the notice to appellant, as a known creditor, on or about December 10, 1999, which was delivered on December 20, 1999. It further alleged that appellant had failed to file a claim with the estate prior to the February 17, 2000 deadline and was, thus, barred from taking such action. The Meyers sought an order determining that appellant's judgment against Edward, recorded on February 18, was not enforceable against his estate.
The State of Florida Insurance Commissioner received service of process as resident agent for appellant on March 28, 2000, and then sent a copy of process by certified mail to appellant in New York, which was received on March 31, 2000. The corporate summons warned appellant that it had twenty calendar days after service in which to file a written response with the clerk of the court. After appellant failed to file such a response before the deadline, the Meyers moved for entry of a clerk's default against appellant, which was subsequently entered on May 1, 2000.
Chafiian, however, did not receive the summons and complaint until they were *380 "routed" to her on April 28, 2000. She then forwarded them to Cohen, Berke, on Tuesday, May 2, 2000. A member of that firm contacted appellee's counsel the following day, at which time she learned that they had moved for default but did not know if had been granted. She advised appellee's counsel that appellant would be filing a response in the next few days and appellee's counsel agreed to take no further action in the matter at that time.
Later that month, appellant served its motion to set aside the default and its answer and affirmative defenses. In its motion, appellant explained that Edward's New York counsel previously had extensive dealings with appellant's New York counsel and that the Meyers knew that Cohen, Berke was actively seeking to enforce the New York judgment in Florida. Appellant, therefore, argued that the Meyers had a duty under Florida law to inform Cohen, Berke counsel of their intention to seek a default against appellant.
After a hearing, the trial court entered an order denying appellant's motion to set aside the default. The court concluded that the Meyers did not receive actual notice of appellant's intent to defend, and the fact that their lawsuit was filed in response to the domestication of the foreign judgment did not relieve the defaulted party of the requirement of making some effort to appear or expressing an intent to do so. The court additionally found that no meritorious defense had been put forth under any view of the record. This timely appeal followed.
We hold that the default should have been set aside. Florida Rule of Civil Procedure 1.500, which permits the entry of default when the party against whom affirmative relief is sought has failed to file or serve any paper in an action, should be construed liberally to allow trial upon the merits rather than to encourage resolution of legal disputes by default. See Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 816 (Fla. 1st DCA 1989). In this respect, an ex parte default should be set aside where the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default. See Ole, Inc. v. Yariv By and Through Yariv, 566 So.2d 812, 814 (Fla. 3d DCA 1990). Here, the record shows that the Meyers knew that appellant's Florida firm, Cohen, Berke, was seeking to enforce the New York judgment. Because they did not contact Cohen, Berke prior to seeking default, even though they knew that appellant would wish to defend against the lawsuit, we reverse. See Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So.2d 810, 811 (Fla. 3d DCA 1990); Gulf Maintenance & Supply, Inc., 543 So.2d at 816.
REVERSED.
STEVENSON, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, J., dissenting.
I respectfully dissent.
I conclude that the trial court did not abuse its discretion in denying the Appellant's motion to vacate the clerk's default.
It is undisputed that the Appellant was properly served with the summons in this action and failed to timely respond. Despite being properly served, Appellant argues "there are two grounds for vacating the clerk's default, failure to give defendant notice and opportunity to be heard when plaintiff knows that the defendant is represented by counsel, and excusable neglect combined with a meritorious defense."
*381 Appellant argues that it was entitled to additional notice before the entry of default because plaintiffs "knew" that it intended to defend. But, all of the cases relied upon by the Insurance Company involved situations where there had been actual communications between the attorney for the defaulting party and the attorney for the plaintiff and where the attorney for the defaulting party expressed an intention to defend the case. See Apple Premium Fin. Serv. Co. v. Teachers Ins. & Annuity Ass'n of Am., 727 So.2d 1089 (Fla. 3d DCA 1999) (default should be set aside where there were pre-suit negotiations between counsel for both sides); Sklar v. Brawley, 651 So.2d 1314 (Fla. 3d DCA 1995) (plaintiff improperly took a default without notice after actually communicating with opposing counsel); Ole, Inc. v. Yariv By and Through Yariv, 566 So.2d 812, 814 (Fla. 3d DCA 1990) (defendant called plaintiff's counsel and asked for an extension to respond to the Complaint, which extension was agreed to by plaintiff's counsel); Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So.2d 810 (Fla. 3d DCA 1990) (defendant served plaintiff's counsel with defensive pleadings, but they were mis-filed in a different court file and a default was later entered); Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989) (plaintiff's counsel had conversations with two successive defense counsel about intended defense of the matter and an intended counterclaim, and even sent counsel a letter confirming the conversations).
In reviewing these cases, I conclude that the holdings in each of the above-mentioned cases hinge on the fact that the moving attorney had actual communications with the defense counsel and knew of the intent to defend the lawsuit in which the default was subsequently taken. Although the majority states that Appellees knew that Appellant was represented by counsel in Florida and intended to defend on the merits, I am unable to locate record support for this statement as it relates to this lawsuit. The record is clear that there were no discussions about this particular case.
The Appellant's alternative argument, that Appellee "knew" that Cohen, Berke would be defense counsel in this case and that it was therefore entitled to additional notice before default, is based on an assumption the Appellee was required to make. According to Appellant, the Appellee should have assumed that because Cohen, Berke had represented the company in another case, the domestication action in Florida, that Cohen, Berke would necessarily represent them in this case. Appellant concludes that it should have been notified of the plaintiffs' intention to seek a clerk's default. It is widely known that insurance companies often have several lawyers in their arsenal that they use as and when they see fit. What lawyer the Appellant might use at any given time would be pure speculation on the part of any opposing counsel. Thus, I conclude it is unreasonable to expect an attorney to assume who his opposition might be in this scenario.
Here, the defendant had been served, but failed to timely file a response. Some courts have refused to vacate a default in instances where a plaintiff merely knows that defendant has contacted an attorney, but the attorney failed to timely respond. See, e.g., Gregory v. Connor, 591 So.2d 974 (Fla. 5th DCA 1991). In this case, there was no proof that the plaintiffs had actual knowledge that the Appellant had even gone so far as to contact counsel. Thus, "neither the rule nor equity places the moving party at the mercy of a dilatory defender." Gregory, 591 So.2d at 977.
*382 In further holding that the default should have been set aside regardless of whether the Appellant raised a meritorious defense, the majority cites Sklar v. Brawley, 651 So.2d 1314 (Fla. 3d DCA 1995). As mentioned earlier, the holding in that case hinges on the fact that the moving counsel had previously communicated with defense counsel, who clearly indicated his intention to defend. Because those facts are absent in this case, I conclude Sklar does not support the majority's holding. Thus, the trial court did not abuse its discretion in denying a motion to vacate because the Appellant failed to raise a meritorious defense and the Appellant failed to establish excusable neglect.
NOTES
[1] During the pendency of this appeal, Mark McWilliams relieved Marcia Ann Meyer and Frank Meyer of their responsibilities as copersonal representatives of Edward's estate. This court then substituted McWilliams in place of the Meyers as the appellee in this case.