SCHWARTZ, Senior Judge.
After a proposed development in the City of Doral collapsed because of the failure of the developer, Doral Enterprises Joint Venture, to proceed, the general contractor, Delant Construction Company, settled its claim for damages with Doral Enterprises, which agreed, among other things, to reimburse Delant for sums owed to Coreslab Structures Miami, Inc., for engineering services on the project.
In the present ease, Doral Enterprises won a money judgment against De-lant for an alleged overpayment based on the theory that it had not paid Coreslab. Delant appeals and we reverse because it is undisputed that, in the course of litigation between the two, Delant indeed settled Coreslab’s claim against it for engineering services and paid Coreslab the *1098 entire amount due. That act left Doral Enterprises totally undamaged by reason of its alleged overpayment in the original settlement and, it follows, no basis whatever to support the judgment now on appeal. To the contrary, the law does not permit a windfall by virtue of receiving “a recovery ... for damages which ... had subsequently been reimbursed.” Sharff, Wittmer & Kurtz, P.A. v. Messana, 581 So.2d 906, 907 (Fla. 3d DCA 1991), review denied, 592 So.2d 681 (Fla.1991). In other words, the prevention of unjust enrichment requires reversal of the judgment and entry of one for the appellant Delant instead.[1] See Sharff, Wittmer & Kurtz, 581 So.2d at 907, and cases cited.
Reversed and remanded.

. The basis of our decision makes it unnecessary to consider the very substantial alternative argument that the present proceeding by Doral Enterprises against Delant is totally precluded by an "accord and satisfaction” arising from the original settlement between the two. See Ellison v. Anderson, 74 So.2d 680 (Fla. 1954); Martinez v. S. Bayshore Tower, L.L.L.P., 979 So.2d 1023 (Fla. 3d DCA 2008).