EMAS, J.,
specially concurring.
I concur in the result because I believe it to be dictated by this court’s prior decision in Apple Premium Finance Serv. Co. v. Teachers Ins. & Annuity Ass’n of Am., 727 So.2d 1089 (Fla. 3d DCA 1999). Were we writing on a clean slate however, it might well be appropriate to consider whether the notice requirement of - rule 1.500(b) is properly triggered by a single pre-suit letter sent five' months before the commencement of the action.
The plain language of rule 1.500(a) and (b) provides that a party may seek a clerk’s default unless the party against whom affirmative relief is sought “has filed or served any paper in the action.” (Emphasis added.) It is undisputed that, following commencement of the suit, and for five months thereafter, the defendant did not file or serve any paper in the action. In fact, no paper was filed in the action on behalf of the defendant until nine months after plaintiff obtained a clerk’s default. The “paper” which serves as the basis for triggering the notice requirement (and the basis for vacating the default) was the letter sent by McClosky to Gerson five months before the complaint was filed.
With the exception of Apple Premium, every case in Florida to apply rule 1.500(a) *524 in this context involved communications between counsel after the action had already been commenced. See, e.g., Ole, Inc. v. Yariv, 566 So.2d 812, 814 (Fla. 3d DCA 1990); J.A.R. v. Universal Am. Realty Corp., 485 So.2d 467, 468 (Fla. 3d DCA 1986); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611, 611 (Fla. 3d DCA 1985); Green Solutions Int’l, Inc. v. Gilligan, 807 So.2d 693, 695 (Fla. 5th DCA 2002); Nat’l Union Fire Ins. Co. v. McWilliams, 799 So.2d 378, 379-80 (Fla. 4th DCA 2001); Ziff v. Stuber, 596 So.2d 754, 755 (Fla. 4th DCA 1992); Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 816 (Fla. 1st DCA 1989); NCR Corp. v. Cannon & Wolfe Lumber Co., 501 So.2d 157, 158 n. 1 (Fla. 1st DCA 1987); EGF Tampa Assocs. v. Edgar V. Bohlen, G.F.G.M. A.G., 532 So.2d 1318, 1320-21 (Fla. 2d DCA 1988); Terino Bros. v. Airey, 364 So.2d 768, 768-79 (Fla. 2d DCA 1978). In those cases, it was self-evident from the communications that counsel was representing the defendant, as no other reason existed for counsel to communicate with plaintiffs counsel once suit was filed. It was likewise self-evident from the communication that the defendant intended to defend the action, as again the suit had already been filed and the nature of the communication expressed an intent and desire to defend the already-commenced action. These decisions, and the rule authorizing entry of a clerk’s default under 1.500(a), are “based on the premise that the failure to respond to the complaint indicates that a defendant is not contesting the case.” Ziff, 596 So.2d at 755 (emphasis added). Each of the cases cited above held that the communication by defendant or defendant’s counsel constituted a paper filed or served in the action because the communication represented an effort to respond to a lawsuit that had already been filed.
In the instant case, by contrast, the only written communication between counsel that appears of record is the February 22, 2012 letter from McClosky to Gerson. This communication was sent five months before Gerson filed the lawsuit; there was no other written communication between Gerson and McClosky before the lawsuit was filed, and no communication at all between the filing of the lawsuit and the entry of the default. The letter does not expressly state SPCP’s intent to defend, nor does it expressly indicate that McClo-sky will be the attorney representing SPCP if a lawsuit was filed. Further, unlike the cases involving post-suit communications, these matters are not self-evident.
In Apple Premium, this Court reversed an order denying defendant’s motion to set aside a default where the parties and their lawyers had exchanged letters, engaged in pre-suit negotiations, and attended a settlement conference accompanied by their clients in an effort to resolve the matter before suit was filed. We held that, under those circumstances, the plaintiff should have served notice of its application for default because plaintiff was aware the defendant was “represented by counsel who ha[d] expressed an intention to defend on the merits.” Id. at 1090.[7] However, the nature and quality of the pre-suit communications between counsel in Apple Premium appears to be significantly more substantial and less remote than the communication in the instant case. Here, we have but a single letter sent by McClosky *525 to Gerson five months before the litigation was filed, with no expressed intent that McClosky will be representing SPCP in any lawsuit and will defend on the merits.[8]
Nevertheless, given our prior precedent, which appears to support the proposition that a pre-suit communication can trigger the notice requirement of rule 1.500(b), I cannot conclude that the trial court abused its discretion in vacating the clerk’s default.

. The Apple Premium opinion does not discuss the distinction between pre-suit and post-suit communications as would be expected from the plain language of rule 1.500(b)’s requirement of a paper filed "in the action,” and in fact the Apple Premium opinion does not reference rule 1.500 at all.

. It is noteworthy that McClosky was aware, no later than October 2012, that the lawsuit had been filed against SPCP. However, McClosky took no action and filed no appearance or pleading in the case because he believed it was a "PI case being handled by [SPCP's] insurance company." In April 2013, SPCP sent McClosky a copy of the notice of trial on damages only. McClosky instructed his associate to pull the court docket, which showed a default had been entered against SPCP in February 2013. Nevertheless, McClosky did not enter an appearance in the case or file any pleading or motion at that time. McClosky first entered the case on behalf of SPCP on November 5, 2013, after the trial was concluded and a verdict returned. It is difficult to conceive how Gerson should have been aware that McClosky was representing. SPCP in the action when McClosky himself did not believe he was representing SPCP in the action.