# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D19-1315 & 3D20-1179
Lower Tribunal No. 17-18931
_____

**College Health II, GP, Inc.,**
Appellant,

vs.

**Vincenzo Depau,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola and William Thomas, Judges.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander, Brian C. Tackenberg and Emily Cabrera, for appellant.

Carey Rodriguez Milian, LLP, and Ruben Conitzer, David P. Milian, Bianca C. Alvarez and Jennifer M. Hernandez, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

In this foreclosure action, the trial court denied appellant College Health II, GP, Inc.'s ("College Health") motions seeking to vacate a court default and resulting final default judgment.[1] Citing a line of cases holding that a default must be lifted if the plaintiff's lawyer is aware that the defaulting defendant is represented by counsel,[2] College Health asserts that the trial court was required to vacate the default and default final judgment because appellee Vincenzo Depau's counsel was aware, by virtue of a notice of appearance filed in a related, but different, foreclosure case, that College Health was represented by counsel in the instant case. This line of cases, however, requires not only "actual knowledge" that the defaulting party is represented by counsel, but also, "actual knowledge" that the defaulting party intends to defend against the lawsuit. See Lloyd, 981 So. 2d at 640;

---

[1] In appellate case number 3D19-1315, College Health appeals the June 3, 2019 final order that both (i) denies College Health's verified motion to vacate the court's default brought pursuant to Florida Rule of Civil Procedure 1.500(d), and (ii) enters final default judgment for appellee. While 3D19-1315 was pending, this Court relinquished jurisdiction so that College Health could file a Florida Rule of Civil Procedure 1.540 motion in the lower court to vacate the June 3rd final judgment. In appellate case number 3D20-1179, College Health appeals the August 14, 2020 order denying its rule 1.540 motion. This Court consolidated the appeals for all purposes.

[2] See e.g. U.S. Bank Nat'l Ass'n v. Lloyd, 981 So. 2d 633, 640 (Fla. 2d DCA 2008); Nat'l Union Fire Ins. Co. of Pittsburgh v. McWilliams, 799 So. 2d 378, 380 (Fla. 4th DCA 2001); Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So. 2d 813, 816 (Fla. 1st DCA 1989).

2

McWilliams, 799 So. 2d at 380; Gulf Maintenance & Supply, 543 So. 2d at 816. On this record, we are unable to conclude that the trial court abused its discretion by determining that Depau's counsel was not aware of College Health's intention to defend against Depau's foreclosure claim, and we are therefore compelled to affirm. Lloyd, 982 So. 2d 639 (recognizing that an order denying a motion to vacate a default is reviewed under an abuse of discretion standard).

Affirmed.