490 So.2d 249 (1986)
FORTUNE INSURANCE COMPANY, Appellant,
v.
Vincente SANCHEZ, JR. and Vincente Sanchez, Sr., Appellees.
No. 86-539.
District Court of Appeal of Florida, Third District.
July 1, 1986.
Lopez, Perez-Gurri & Goldman, and Virginia M. Best, Coral Gables, for appellant.
Spiegelman & Spiegelman and Robert Spiegelman, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART, and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order denying the defendant Fortune Insurance Company's motion to vacate the clerk's default entered in favor of the plaintiffs, Vincente Sanchez, Sr. and Jr., is reversed and the cause is remanded to the trial court with directions to set aside the said clerk's default. We reach this result based on the following briefly stated legal analysis.
First, the defendant established excusable neglect below in not timely responding to the plaintiffs' complaint in that the defendant, through a clerical error, had misfiled the suit papers. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962); Broward County v. Perdue, 432 So.2d 742, 743 (Fla. 4th DCA 1983); Renuart-Bailey-Cheely Lumber & Supply Co. v. Hall, 264 So.2d 84 (Fla. 3d DCA 1972). Second, the defendant established a meritorious defense below by the proposed answer attached to its motion to vacate, which answer sets out in detail a number of affirmative defenses, Pedro Realty Inc. v. Silva, 399 So.2d 367, 369 (Fla. 3d DCA 1981) ("A defendant may not merely state that it has a meritorious defense, but must disclose such a defense in a defensive pleading or affidavit"); Perry v. University Cabs, Inc., 344 So.2d 914, 915 (Fla. 3d DCA 1977) ("The existence of a meritorious defense should be disclosed in tendering a defensive pleading showing the defense... ."). Third, the defendant established due diligence below in moving to vacate the clerk's default upon learning of the said default. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1347-48 (Fla. 3d DCA 1981).
Reversed and remanded.