558 So.2d 506 (1990)
OKEECHOBEE IMPORTS, INC., D/B/a Acura of Palm Beach, a Florida Corporation, Appellant,
v.
AMERICAN SAVINGS AND LOAN ASSOCIATION OF FLORIDA, a Florida Savings and Loan Association, Appellee.
No. 89-2939.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Gary, Dytrych & Rayan and Peter M. Armold, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Robert A. Schreiber, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
NESBITT, Judge.
In June 1989, American Savings and Loan Association of Florida served a summons and complaint upon the registered agent of Okeechobee Imports, Inc., d/b/a Acura of Palm Beach claiming that company had breached its contractual obligation to repurchase an automobile retail installment contract. These papers were forwarded to Acura's business office and filed in the "Deal" file relative to the vehicle involved. That automobile was also involved in other non-related pending litigation. On October 2, 1989, Acura's office manager received a letter from American Savings' attorney advising that a final judgment had been entered in favor of American Savings against Acura.
The office manager immediately telephoned Acura's attorney. Two days later, through counsel, Acura filed a motion to set aside default and final judgment. Acura asserted that the foregoing facts constituted mistake and/or excusable neglect and that it had a meritorious defense *507 to American Savings' complaint. Thus, appellant claimed, pursuant to Florida Rules of Civil Procedure 1.500(d) and 1.540(b), Acura was entitled to relief. Following a hearing, the trial judge entered an order denying appellant's motion to set aside the default. We find that the trial court's failure to set aside the default judgment was an abuse of discretion.
The misfiling of a summons and complaint, resulting in the failure to file a responsive pleading, has been held to constitute excusable neglect. North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962); Credit Gen. Ins. Co. v. Thomas, 515 So.2d 336 (Fla. 3d DCA 1987); Fortune Ins. Co. v. Sanchez, 490 So.2d 249 (Fla. 3d DCA 1986); Bland v. Viking Fire Protection, Inc., 454 So.2d 763 (Fla. 2d DCA 1984); County Nat'l Bank v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981); Associated Medical Inst., Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976). Where an employee fails to follow established corporate procedures in processing a complaint, this court has deemed such actions to constitute excusable neglect. See Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla. 3d DCA 1972). In this case, as indicated by her affidavit, the office manager inadvertently misfiled the summons and complaint in the "Deal" file relative to the subject vehicle, despite the fact that all suit papers are normally forwarded to Acura's president or Acura's legal counsel.
Moreover, a failure to timely respond in an action should be considered excusable where it is due to confusion which reasonably exists as a result of the pendency of two or more cases involving the same or related parties or subject matters. Zwickel v. KLC, Inc., 464 So.2d 1280 (Fla. 3d DCA 1985); see State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931); Foundation Well Point Corp. v. Bauman, 437 So.2d 729 (Fla. 3d DCA 1983), review denied, 447 So.2d 885 (Fla. 1984); Cunningham v. White, 390 So.2d 467 (Fla. 3d DCA 1980).
Accordingly, the order denying defendant's motion to set aside default and final judgment is reversed and the case is remanded for further proceedings.