566 So.2d 350 (1990)
HIALEAH, INC., D/B/a Hialeah Park, Appellant,
v.
Ron A. ADAMS, et al., Appellees.
No. 90-496.
District Court of Appeal of Florida, Third District.
September 4, 1990.
Colodny, Fass & Talenfeld, and Donna S. Glick, North Miami, and Cindy R. Post, Miami, for appellant.
Steel Hector & Davis and Peter M. Kramer, Miami, for appellees.
Before BASKIN, JORGENSON and GODERICH, JJ.
PER CURIAM.
On December 2, 1989, the plaintiffs filed a complaint against the defendant, Hialeah, Inc., d/b/a Hialeah Park. The return of service reflects that one of the defendant's employees received the complaint and summons on December 6, 1989. The defendant, however, failed to respond to the complaint. As a result, on December 29, 1989, the trial court entered a default and on January 2, 1990, it entered the final default judgment.
On January 13, 1990, the defendant filed a motion to vacate the default and final default judgment, along with its proposed answer and affirmative defenses. The defendant's registered agent's affidavit was attached to the motion to vacate. The affidavit stated that the clerical staff "inadvertently mishandled" the summons and complaint as a result of the ongoing litigation and that the documents were not discovered until after final default judgment had been entered. On February 2, 1990, the trial court denied the motion to vacate solely on the basis that the registered agent's affidavit failed to establish excusable neglect. Additionally, the court stated that the defendant should have filed an affidavit from the person who was purportedly served with process.
On February 8, 1990, the defendant filed a second motion to vacate and a motion for rehearing. Attached was an affidavit from the employee who received the complaint and summons. The affidavit stated that she had no knowledge of the service of the complaint and it set forth the office procedure for handling suit papers. On March 2, 1990, the trial court denied the motions reasoning that the defendant was not entitled to "two bites of the apple."
The defendant contends that the trial court abused its discretion in denying the motion to vacate. We agree. As stated earlier, the trial court denied the motion based solely on the fact that it felt that the registered agent's affidavit failed to establish excusable neglect. A defendant's neglect in responding to a complaint is excusable when the inadvertence was due to the *351 mishandling or misfiling of suit papers. See Associated Medical Inst., Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976); see generally, North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987). In the instant case, the defendant's motion to vacate coupled with the registered agent's sworn affidavit established sufficiently that the summons and complaint were inadvertently mishandled by the clerical staff. Thus, we find that the trial court abused its discretion in denying the motion to vacate.
Because we agree that the trial court abused its discretion in denying the defendant's motion to vacate, we find no need to address the defendant's remaining contention. Accordingly, we reverse the trial court's order denying the defendant's motion to vacate the default and final default judgment, and remand for further proceedings.