566 So.2d 815 (1990)
Laurie APOLARO and Michael Apolaro, Appellants,
v.
Ginger FALCON and Eduardo Falcon, Appellees.
No. 89-2439.
District Court of Appeal of Florida, Third District.
September 11, 1990.
*816 Arthur J. Morburger, Weinstein, Bavly & Moon, Miami, for appellants.
Perse & Ginsberg and Edward A. Perse, Nuell, Baron & Polsky, Miami, for appellees.
Before JORGENSON, COPE and GODERICH, JJ.
COPE, Judge.
Laurie and Michael Apolaro, defendants below, appeal an order refusing to set aside a default. The principal question presented is whether the Apolaros' counsel delayed too long in seeking relief from the default, so as to justify denial of the motion. We conclude that the default should have been set aside and accordingly reverse the order below.
The plaintiffs, Ginger and Eduardo Falcon, brought suit against defendants for claims arising out of an automobile accident. Through a misunderstanding with their own counsel, defendants did not promptly notify counsel after being served. The plaintiffs obtained an ex parte default. As soon as defendants learned of entry of the default, they promptly notified counsel. Counsel in turn promptly called plaintiffs' counsel to indicate that the case would be defended and to ask if plaintiffs' counsel would consent to an agreed order setting aside the default. Plaintiffs' counsel advised that he would need to consult with co-counsel and his clients on that issue. There was thereafter a dispute between counsel as to whether defense counsel was to await a response to that inquiry before filing the motion. Without attempting to recount in detail the respective contentions of the parties, in a follow-up call between thirty and forty days after the initial call (leaving aside some missed telephone calls in between), plaintiffs remained equivocal about whether they would agree to vacate the default. Defendants then filed their motion.
Plaintiffs concede that the defendants' motion set forth good grounds to have the default set aside for excusable neglect. They argue, however, that the delay in filing the motion precluded the granting of any relief by the trial court. We disagree.
It bears repeating that Florida has a strong public policy in favor of the resolution of disputes on their merits, and thus a policy of liberality in the vacating of defaults. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962). As was said in Coggin v. Barfield, 150 Fla. 551, 554, 8 So.2d 9, 11 (1942):
The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not [a] procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.
Where there exists any reasonable doubt in the matter, and where there has been no trial on the merits, the trial court is to exercise its discretion in the direction of vacating the default. North Shore Hospital, Inc. v. Barber, 143 So.2d at 852-53.
This court has recently ruled that the question of vacating a default is a procedural matter within the control of the attorney. Rapid Credit Corp. v. Sunset Park *817 Centre, Ltd., 566 So.2d 810, 811 (Fla. 3d DCA 1990); accord Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813, 816 (Fla. 1st DCA 1989); see also H. Trawick, Florida Practice & Procedure, § 25-3, at 353 (1989). Defense counsel was entirely correct in contacting plaintiffs' counsel initially to determine if the matter could be resolved by agreement rather than by resort to the court. That procedure should be encouraged, not penalized.
As a result of that telephone call, which was very promptly made, plaintiffs had actual knowledge of defendants' intentions in the matter, and have been unable to point to any prejudice whatsoever with respect to the claimed delay in the filing of the motion. On one view of the facts, the delay was the fault of plaintiffs' counsel, but even if plaintiffs' version is accepted, there was at best a misunderstanding which delayed the actual filing of the motion which plaintiffs knew would be forthcoming. Under the principles outlined above, the default should have been set aside.
Plaintiffs rely on Bayview Tower Condominium Association, Inc. v. Schweizer, 475 So.2d 982 (Fla. 3d DCA 1985), but that case is plainly inapposite. Each motion to set aside a default must be evaluated under the totality of the circumstances presented. See Edwards v. City of Fort Walton Beach, 271 So.2d 136, 137 (Fla. 1972). The court must evaluate, in other words, not only the amount of the delay but the reason for the delay. See World's Finest Products, Inc. v. Carpenter, 564 So.2d 626, 627 (Fla. 4th DCA Aug. 1, 1990). In Bayview, unlike the present case, there was no prompt request to counsel for consent to vacate the default and, unlike the present case, there was no explanation for Bayview's thirty-day delay in filing the motion. Moreover, the thirty-day delay was one of a series of unexplained delays delineated in the Bayview opinion. See 475 So.2d at 983. In short, Bayview is not controlling here.[1]
As we have concluded that the default must be vacated, there is no need to reach the other points raised by appellant. The order under review is reversed and the case is remanded with directions to set aside the default.[2]
NOTES
[1] This analysis would remain true even if a different guidepost were used to measure presumptive promptness in moving to set aside a default. See Techvend, Inc. v. The Phoenix Network, Inc., 564 So.2d 1145 (Fla. 3d DCA 1990) (suggesting guideline; result would be same under previously decided cases).
[2] Although not a basis for our decision, we note that the recently announced decision in Ole, Inc. v. Yariv, 566 So.2d 812, (Fla. 3d DCA 1990) would also mandate reversal. It appears that plaintiffs knew from pre-suit negotiation that the action was to be defended, but applied ex parte for entry of a default. That practice has been disapproved in Ole. The motion for default should have been made with notice.