578 So.2d 292 (1991)
ATLANTIC ASPHALT & EQUIPMENT CO., INC., Appellant,
v.
Feliciano Moreno MAIRENA, Appellee.
No. 90-2603.
District Court of Appeal of Florida, Third District.
February 19, 1991.
Rehearing Denied May 1, 1991.
*293 Bender, Bender, Chandler & Adair, and George C. Bender, Miami, for appellant.
Leesfield & Blackburn and Joel D. Fogel and Mark J. Heise, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Atlantic Asphalt & Equipment Co. [Atlantic], appeals from a non-final order denying Atlantic's motion to vacate the default. We reverse and remand.
The plaintiff, Feliciano Moreno Mairena, brought suit against Atlantic and served the complaint on Atlantic's registered agent. Atlantic did not file a responsive pleading and, as a result, the clerk entered a default on July 9, 1990. As soon as Colin Cash, Atlantic's president, learned of the entry of the default, he notified Atlantic's attorney, Perry Itkin. Itkin in turn attempted to reach the plaintiff's attorney on July 13, 1990. When the attorneys finally spoke on July 16, 1990, the plaintiff's attorney told Itkin that the plaintiff would not agree to vacate the default. Itkin informed the plaintiff's attorney that he intended to file a motion to vacate. Itkin testified that based upon this conversation he believed that he had been given an extension to file the motion to vacate. On September 6, 1990, Atlantic filed the motion to vacate the default. The trial judge denied Atlantic's motion based on his conclusion that Atlantic failed to demonstrate excusable neglect. Atlantic appeals contending that the trial court abused its discretion in denying Atlantic's motion to vacate. We agree.
Atlantic has established all three requirements in order to have its motion to vacate granted. First, Atlantic established excusable neglect in not timely responding to the plaintiff's complaint. Atlantic's motion to vacate together with the affidavits and testimony of Colin Cash established that the summons and complaint were inadvertently misfiled and misplaced due to an error in office communication. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962); Fortune Ins. Co. v. Sanchez, 490 So.2d 249 (Fla. 3d DCA 1986). Cash erroneously believed the papers had been forwarded to the insurance carrier. "A defendant's neglect in responding to a complaint is excusable when the inadvertence was due to the mishandling or misfiling of suit papers." Hialeah, Inc. v. Adams, 566 So.2d 350, 350-51 (Fla. 3d DCA 1990) (citations omitted). Second, the defendant established a meritorious defense to the negligence claim by the proposed answer attached to its motion to vacate which sets out its affirmative defenses. See Fortune, 490 So.2d at 249. Third, Atlantic established that it acted with due diligence in moving to vacate the default. See Id.; B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1347-48 (Fla. 3d DCA 1981). Cash acted with due diligence when he called Atlantic's attorney within seventy-two hours of the entry of the default and requested that steps be taken to have the default set aside. See Apolaro v. Falcon, 566 So.2d 815 (Fla. 3d DCA 1990). Additionally, although the motion to vacate was not filed until September 6, 1990, the plaintiff's attorney was contacted within four days of the entry of the default and notified of Atlantic's intentions to set aside the default. See Id. As a result of the phone call, the plaintiff had actual knowledge of Atlantic's intentions in the matter and is unable to claim any prejudice with respect to Atlantic's delay in seeking to set aside the default. See Franklin v. Franklin, 573 So.2d 401 (Fla. 3d DCA, 1991); Apolaro, 566 So.2d at 817.
For the foregoing reasons, the order denying Atlantic's motion to vacate the clerk's default is reversed and the case is remanded to the trial court with directions to set aside the default.
Reversed and remanded.