596 So.2d 746 (1992)
CINKAT TRANSPORTATION, INC., Appellant,
v.
MARYLAND CASUALTY COMPANY, a/s/o Combined Carriers Co., Appellee.
No. 91-2551.
District Court of Appeal of Florida, Third District.
March 31, 1992.
*747 Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and Edward D. Schuster, Fort Lauderdale, for appellant.
Myron M. Samole and Helene L. Daniel, Miami, for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
BASKIN, Judge.
Cinkat Transportation, Inc. [Cinkat], appeals an order denying its motion to vacate a default final judgment. We reverse.
Cinkat has met the three requirements for vacating a default. First, Cinkat demonstrated excusable neglect in failing to respond to plaintiff's complaint. Cinkat asserted, through its motion to vacate and attached affidavit, that its employee inadvertently misfiled and misplaced the summons and complaint, excusable neglect sufficient to set aside a default judgment. Hialeah, Inc. v. Adams, 566 So.2d 350 (Fla. 3d DCA), review denied, 576 So.2d 284 (Fla. 1990); Okeechobee Imports, Inc. v. American Sav. & Loan Ass'n of Fla., 558 So.2d 506 (Fla. 3d DCA 1990). Second, Cinkat asserted a meritorious defense to plaintiff's claim in its proposed answer setting out its affirmative defenses, which was attached to its motion to vacate. Atlantic Asphalt & Equip. Co. v. Mairena, 578 So.2d 292 (Fla. 3d DCA 1991); Fortune Ins. Co. v. Sanchez, 490 So.2d 249 (Fla. 3d DCA 1986). Finally, Cinkat acted with due diligence in filing its motion to vacate. Although Cinkat did not file a motion to vacate for over two months after entry of the default final judgment, Cinkat's attorney promptly contacted plaintiff's counsel upon learning of the entry of default, placing plaintiff on notice that Cinkat would contest the default. Atlantic Asphalt & Equip. Co., 578 So.2d at 293. The delay in filing the motion to vacate was caused by an unfortunate series of miscommunications between Cinkat and its counsel. Atlantic Asphalt & Equip. Co. In considering a motion to set aside a default, courts must evaluate both the extent of the delay as well as the reasons for the delay. Apolaro v. Falcon, 566 So.2d 815, 817 (Fla. 3d DCA 1990). Cinkat's delay, under the circumstances of this case, was not unreasonable; the default should have been vacated.
Defaults should be set aside under appropriate circumstances; a strong preference exists in the law for cases to be determined on their merits. North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206, 207 (Fla. 2d DCA 1990). Because Cinkat met the requirements for vacating a default, and demonstrated that the trial court abused its discretion in refusing to vacate the default final judgment, we reverse the order and remand for further proceedings.
Reversed and remanded.