610 So.2d 51 (1992)
ELECTRIC ENGINEERING COMPANY, INC., a Florida corporation, Appellant,
v.
GENERAL ELECTRIC CANADA INC., a foreign corporation, Appellee.
No. 91-2896.
District Court of Appeal of Florida, Third District.
December 8, 1992.
*52 Pomeranz & Landsman, North Miami, Mark S. Sussman, North Miami Beach, for appellant.
James F. Comander and Ana M. Rivero, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
The trial court order denying the defendant Electric Engineering Company, Inc.'s motion to vacate the clerk's default entered below is reversed and the cause is remanded to the trial court with directions to vacate the default. We reach this result because: (1) excusable neglect was shown below based on a misdirected transfer of the complaint by the defendant's registered agent to the defendant which, unbeknownst to the agent, had moved its office, resulting in a loss of the complaint, see North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Hialeah, Inc. v. Adams, 566 So.2d 350 (Fla. 3d DCA), rev. denied, 576 So.2d 284 (Fla. 1990); S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986); Miami Commonwealth Realty Corp. v. Rinehart Volkswagen, Inc., 387 So.2d 530 (Fla. 3d DCA 1980), (2) the defendant acted with due diligence in moving to set aside the clerk's default upon learning of the entry of same, see Apolaro v. Falcon, 566 So.2d 815 (Fla. 3d DCA 1990); Techvend, Inc. v. Phoenix Network, Inc., 564 So.2d 1145 (Fla. 3d DCA 1990), and (3) the defendant made a sufficient showing of a meritorious defense. As to the latter, although it is true that the defendant filed an answer containing a general denial which was insufficient to establish a meritorious defense, Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125 (Fla. 2d DCA 1983); Mission East Co. v. Wyszatycki, 362 So.2d 87 (Fla. 3d DCA 1978); Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977), cert. dismissed, 364 So.2d 881 (Fla. 1978), it is also true that the defendant contemporaneously filed a motion to dismiss which set forth, among other things, a factual basis for the defense of the statute of frauds, an arguable defense in this case. See generally Henry P. Trawick, Trawick's Florida Practice & Procedure § 25-3 (1991). It bears repeating that "`* * * if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case....'" North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962).
Reversed and remanded.