629 So.2d 292 (1993)
GENERAL MOTORS ACCEPTANCE CORP., Appellant,
v.
James Bruce THORNBERRY and Pamela Thornberry, his wife, Appellees.
No. 93-1386.
District Court of Appeal of Florida, Third District.
December 21, 1993.
Herzfeld and Rubin and Carolyn A. Pickard and Jeffrey B. Shapiro, Miami, for appellant.
*293 Perse, P.A. & Ginsberg, P.A. and Edward A. Perse and Steven Rudin, Miami, for appellees.
Before NESBITT, COPE and LEVY, JJ.
PER CURIAM.
General Motors Acceptance Corporation (GMAC) appeals an order denying its motion to set aside a default.[*] We reverse.
Plaintiffs James Bruce Thornberry and Pamela Thornberry filed suit against GMAC for damages arising out of an automobile accident involving a GMAC-owned vehicle. Plaintiffs served the lawsuit on GMAC's registered agent, which forwarded the suit papers to GMAC's legal department. The legal department mistakenly forwarded the suit papers to GMAC's Miami office, instead of the New Jersey office which serviced this particular account. The Miami GMAC office telephoned the GMAC legal department to advise it of the mistake. Each party to the conversation mistakenly believed that the other party would notify the insurance carrier to provide a defense. Consequently, there was a delay in forwarding the papers to the insurance carrier and counsel for a defense.
On the 21st day after service of the complaint, the clerk entered a default on ex parte motion by plaintiffs' counsel. On the 30th day following service the mistake had been discovered and the suit papers placed in the hands of defense counsel. On the 33rd day counsel filed a motion to set aside default, supported by affidavits detailing the foregoing. Plainly, GMAC exercised due diligence to move to set aside the default. The trial court ruled, however, that GMAC had not shown excusable neglect. We disagree.
Under established precedent, a misrouting of suit papers under circumstances like these has been held to constitute excusable neglect. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 850 (Fla. 1962); Atlantic Asphalt & Equipment Co. v. Mairena, 578 So.2d 292, 293 (Fla. 3d DCA 1991); Hialeah, Inc. v. Adams, 566 So.2d 350, 350-51 (Fla. 3d DCA), review denied, 576 So.2d 284 (Fla. 1990).
The plaintiffs also claim that GMAC committed a procedural error when it raised the affirmative defense of statute of limitations by motion to dismiss, rather than answering and raising it by affirmative defense. We disagree. Where, as here, the statute of limitations defense appears on the face of the complaint, it is permissible to assert the statute of limitations defense by motion to dismiss. See Toledo Park Homes v. Grant, 447 So.2d 343 (Fla. 4th DCA 1984); Estate of James v. Martin Memorial Hospital, 422 So.2d 1043 (Fla. 4th DCA 1982). See also Fla.R.Civ.P. 1.110(d).
The order under review is reversed and the cause remanded with directions to set aside the default.
NOTES
[*] Such an order is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). See Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190, 191 (Fla. 1982).