652 So.2d 1271 (1995)
George S. VENERO, Appellant,
v.
Juan BALBUENA, Appellee.
No. 94-1939.
District Court of Appeal of Florida, Third District.
April 12, 1995.
*1272 Clark, Sparkman, Robb & Nelson, and Frances Fernandez Guasch, and James K. Clark, Miami, for appellant.
Fleitas & Bujan, and Jesus F. Bujan, Miami, for appellee.
Before COPE, GERSTEN and GREEN, JJ.
PER CURIAM.
Appellant, George S. Venero (Venero), appeals an order denying a motion to set aside a default judgment in favor of appellee, Juan Balbuena (Balbuena). We reverse.
Balbuena was involved in an automobile accident, and was sued in a subrogation action by the insurer of the other car. He then filed a third party complaint against appellant Venero, claiming that Venero's car collided with his car, thus causing damages.
Upon receiving the complaint, Venero immediately contacted his insurer, and delivered the complaint and summons to the insurer's office. Venero was advised by the insurer that the matter would be handled. However, an answer was not filed, and a default was entered against Venero on September 29, 1993.
Upon learning of the default six months later, the insurer promptly secured counsel and filed an answer and a motion to set aside the default on May 2, 1994. At the hearing on the motion, an affidavit was presented from the insurer stating that the file had been transferred between offices, and had either been misfiled or lost. Balbuena admitted that the answer contained meritorious defenses. The trial court denied the motion to set aside the default.
Florida policy dictates a preference that cases be decided on their merits. Cinkat Transportation, Inc. v. Maryland Casualty Company, 596 So.2d 746 (Fla. 3d DCA 1992). In the court's utilization of its discretion, all reasonable doubt is to be resolved in favor of granting relief from default judgments so that matters may be tried on the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962).
To vacate a default judgment, a meritorious defense, excusable neglect, and due diligence from the time of learning of default must be shown. Brant v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982). We find that Venero has met these three requirements.
Balbuena admitted that Venero had a meritorious defense, and Venero showed excusable neglect in failing to answer the complaint because he relied upon the insurer's assurances that the matter would be handled. See Yelvington Transport, Inc. v. Hersman, 513 So.2d 1361 (Fla. 3d DCA 1987).
*1273 Finally, looking at the totality of the circumstances, the record reveals that Venero did exercise due diligence in seeking relief upon learning of the default. See Apolaro v. Falcon, 566 So.2d 815 (Fla. 3d DCA 1990); Cinkat Transportation, 596 So.2d at 747. See Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972). The insurer promptly secured counsel for Venero and filed the motion to set aside within a reasonable time after learning of the default. Accordingly, we reverse the trial court's denial of the motion to set aside the default.
Reversed.