PER CURIAM.
The defendant, Royal Caribbean Cruises, Ltd. [Royal Caribbean], appeals from an order denying its motion to set aside a default judgment in favor of the plaintiff, Thomas S. Traveler. We reverse.
Regardless of whether Royal Caribbean’s indemnitor did not receive the forwarded complaint because it was misaddressed or whether the indemnitor did, in fact, receive the forwarded complaint but mishandled it, we find that either scenario constitutes excusable neglect. See Venero v. Balbuena, 652 So.2d 1271, 1272 (Fla. 3d DCA 1995)(holding that insured who forwarded complaint to insurer that either misfiled or lost complaint had shown excusable neglect); Electric Eng’g Co. v. General Elec. Can., Inc., 610 So.2d 51, 52 (Fla. 3d DCA 1992)(holding that excusable neglect was shown where registered agent unknowingly forwarded complaint to defendant’s former address); Hialeah, Inc. v. Adams, 566 So.2d 350, 351 (Fla. 3d DCA)(holding that mishandling or misfiling of suit papers constitutes excusable neglect), review denied, 576 So.2d 284 (Fla.1990); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83, 84 (Fla. 3d DCA 1987)(holding that excusable neglect was shown where complaint was forwarded to company’s national headquarters and became “lost” in a pile of unrelated documents on the general counsel’s desk). Because the record reflects that Royal Caribbean presented a meritorious defense and that it acted -with due diligence upon learning of the default, we follow the Florida Supreme Court’s established policy of providing relief from defaults and allowing causes to proceed on the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962)(holding that if there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing a trial upon the merits of the case).
*848 Accordingly, we reverse the order under review, vacate the default judgment, and remand for further proceedings consistent with this opinion.