701 So.2d 416 (1997)
Michael J. MARKOWSKI, Appellant,
v.
ATTEL BANK INTERNATIONAL, Appellee.
No. 96-3526.
District Court of Appeal of Florida, Third District.
November 12, 1997.
Timothy P. Stickney and Howard T. Sutter, Key Biscayne, for appellant.
Whisenand & Turner and James D. Whisenand, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
*417 PER CURIAM.
The defendant in an action to enforce a promissory note appeals from the trial court's denial of his motion to vacate a default judgment and final judgment which were entered against him. For the following reasons, we reverse.
On June 18, 1992, the Appellant, Michael J. Markowski, (hereinafter "the Defendant"), executed a promissory note in favor of the Appellee, Attel Bank International, (hereinafter, "the Bank"). On July 12, 1996, the Bank filed a complaint alleging that the Defendant defaulted on the note. The Bank's complaint sought to enforce the note and collect upon it. The Defendant, acting pro se, filed a motion to dismiss, arguing that he received no consideration for the note. On August 20, 1996, the trial court denied the Defendant's motion to dismiss and ordered that the Defendant file an answer to the complaint within twenty days. The Defendant did not file an answer. He was unaware of the trial court's order because the mailbox service he was using erred in collecting his mail and he had not received a copy of the order.
On September 13, 1996, the Bank moved for the entry of a default judgment and for the entry of final judgment. The Bank's motions were heard at a hearing on September 25, 1996. The Bank's motions were granted and a default order and final judgment were entered.
On October 11, 1996, the Defendant filed a motion to set aside the default. In that motion, the Defendant argued that his failure to submit an answer, as directed by the trial court, was attributable to excusable neglect based on the problems with his mailbox service. The Defendant submitted the sworn affidavit of the operator of a franchise business that rented the Defendant a mailbox. That affidavit reflects that the Defendant diligently called the business to inquire if any mail from the court had arrived and that the mailbox service informed him that no mail had arrived.
The Defendant's motion to set aside the default was set down for a hearing on October 22, 1996. The Defendant appeared at the courthouse on the morning of October 22, 1996 to attend. However, the Defendant noticed that his case did not appear on the posted list of those cases on the calendar for that day. The Defendant approached the trial judge's bailiff to inquire about the motion calendar. He was told by the bailiff that his case had not made the calendar. Consequently, the Defendant left the courthouse. Counsel for the Bank, however, was able to appear before the trial court judge, on that date, and submit a proposed order denying the Defendant's motion to set aside the default. The trial court judge signed the order, thereby denying the Defendant's motion to set aside the default. The trial court's order reflects that the trial court judge added the following hand-written language to the proposed order submitted by the Bank: "The Defendant did not show for [the] hearing he set."
On October 29, 1996, the Defendant filed a second motion to set aside the default and submitted a notice of hearing for that motion. A hearing on that motion took place on December 11, 1996. At that hearing, the Defendant explained that he tried to appear at the first hearing, but was told that the case did not make the calendar. The trial court judge said, "Now, I don't know who you spoke to, but we heard the matter that morning and a default was granted because it was your hearing, you set it and you didn't show." The trial court judge asked his bailiff to retrieve and examine the motion calendar for October 22, 1996. The bailiff reported that the Defendant's case did not appear on the motion calendar for October 22, 1996. The trial court entered its second order denying the investor's motion to set aside the default. This appeal ensued.
It was error for the court to refuse to vacate its original order granting default judgment. That order was apparently entered as a "sanction" for the failure of the Defendant to comply with the trial court's order to file an answer. However, Florida's courts have a longstanding policy favoring the adjudication of lawsuits on the merits. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Cinkat Transp. v. Maryland Cas. Co., 596 So.2d 746 (Fla. 3d DCA 1992). In addition, the *418 Defendant met all three requirements necessary for a trial court to vacate a default by: (1) demonstrating excusable neglect because the sworn affidavit of the mailbox service operator established that the court's order was never received by the Defendant, see General Motors Acceptance Corp. v. Thornberry, 629 So.2d 292 (Fla. 3d DCA 1993); Cinkat; Hialeah, Inc. v. Adams, 566 So.2d 350 (Fla. 3d DCA 1990); Okeechobee Imports, Inc. v. American Sav. & Loan Ass'n of Fla., 558 So.2d 506 (Fla. 3d DCA 1990); (2) asserting a meritorious defense in his motion to dismiss, and at the December 11, 1996 hearing, where he argued that the promissory note sued upon is unenforceable because it was given without consideration, see Cinkat; Atlantic Asphalt & Equip. Co. v. Mairena, 578 So.2d 292 (Fla. 3d DCA 1991); Fortune Ins. Co. v. Sanchez, 490 So.2d 249 (Fla. 3d DCA 1986); and (3) acting with due diligence in filing his motions to vacate as he filed his first motion to vacate as soon as he became aware of the default judgment and he filed his second motion to vacate seven days after the first was denied. See General Motors; Cinkat; Atlantic Asphalt & Equip. Co.
We are especially troubled by the events leading up to the entry of the first order denying the Defendant's motion to set aside the default. The first time the Defendant set down his motion to vacate the default he appropriately sent out a notice of hearing, but upon arrival realized that the case did not make the calendar, after which the Defendant left. The fact that the motion did not make the calendar is undisputed. However, the attorney for the Bank went in before the trial judge, despite the fact that the case was not on the calendar, and despite the absence of the Defendant. The trial court judge entertained the Defendant's motion in the Defendant's absence and denied it.
For the foregoing reasons we reverse the order denying the motion to vacate the default and remand with instructions to permit the Defendant to file an answer.