725 So.2d 439 (1999)
NATIONSBANK, N.A., Appellant,
v.
REGENCY CENTERS, INC., a Florida corporation, successor in interest to University Market Place, a Florida general partnership, and Squiggles & Giggles, Inc., a Florida corporation, and State of Florida Department of Revenue, Appellees.
No. 98-1120
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
*440 Lori L. Heyer-Bednar and Gregory M. Garno of Haley, Sinagra & Perez, P.A., Fort Lauderdale, for appellant.
Mark F. Booth of Rogers, Morris & Ziegler, Fort Lauderdale, for Appellee-Regency Centers, Inc.
PER CURIAM.
We reverse the order denying appellant Nationsbank's motion to set aside a default final judgment of foreclosure of a landlord's lien obtained by appellee, Regency Centers, Inc. (Regency). The clerk entered a default on November 12, 1997. Through both parties' involvement in a bankruptcy case where the debtor was Regency's tenant and from letters sent by Nationsbank's attorney to Regency's attorney, Regency was aware that Nationsbank intended to defend its security interest against Regency's claim that its landlord's lien took priority over other interests in the debtor's personalty. Nonetheless, Regency's attorney did not notify Nationsbank's attorney of the filing of the lawsuit or of the applications for default and judgment.
After being served with the lawsuit, Nationsbank inadvertently forwarded the suit papers to its foreclosure department in Kentucky on the mistaken belief that the action dealt with a mortgage on real property held by the bank. That department neglected to forward the papers to the bank's counsel for a response. Regency served its motion for default and notices of hearings on the corporation. Nationsbank's attorney first became aware of the final judgment when Regency's lawyer gave him a copy after Nationsbank filed a replevin action against Regency concerning the property which was the subject of the foreclosure action. The final judgment was entered on January 28, 1998. The motion to vacate the judgment was filed on February 18, 1998.
The record demonstrates excusable neglect, a meritorious defense, and due diligence in seeking to vacate the default final judgment under Florida Rule of Civil Procedure 1.540(b)(1). See North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla. 1962); General Motors Acceptance Corp. v. Thornberry, 629 So.2d 292 (Fla. 3d DCA 1993). Since Florida policy dictates a preference that cases be decided on their merits, if there is any reasonable doubt as to whether to vacate a default, it should be resolved in favor of granting relief from a default judgment so that a matter may be tried on the merits. See North Shore, 143 So.2d at 853; Cinkat Transp., Inc. v. Maryland Cas. Co., 596 So.2d 746 (Fla. 3d DCA 1992).
This case most resembles General Motors Acceptance Corp. v. Thornberry. In that case GMAC's legal department mistakenly forwarded suit papers to a Miami office not handling the account on which the suit was based. As a result, the summons and complaint were not forwarded to the insurance carrier for a defense. The Miami office telephoned the legal department to advise it of the mistake. Each party to the conversation *441 mistakenly believed that the other party would notify the insurance carrier to provide a defense. After the delay which resulted from the confusion, a default was entered. The trial court denied a motion to vacate the default, finding that there was no excusable neglect. On appeal, the third district found that excusable neglect had been shown, citing other cases in which comparable misroutings of suit papers had been held to justify relief from a default. Id. at 293 (citing North Shore; Atlantic Asphalt & Equip. Co. v. Mairena, 578 So.2d 292, 293 (Fla. 3d DCA 1991); Hialeah, Inc. v. Adams, 566 So.2d 350, 350-51 (Fla. 3d DCA 1990)).
REVERSED AND REMANDED.
STONE, C.J., and GROSS, J., concur.
GROSS, J., concurs specially with opinion.
GUNTHER, J., dissents without opinion.
GROSS, J., concurring specially.
I concur in the majority opinion. I write to note that another factor that supports setting aside the default in this case is that Regency took a default with actual knowledge of Nationsbank intent to litigate the issue of which creditor had priority with respect to the debtor's assets. See Sklar v. Brawley, 651 So.2d 1314 (Fla. 3d DCA 1995); Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989). Deference to the value of collegiality suggests that Regency's attorney should have contacted the attorney known to be representing Nationsbank in the bankruptcy proceeding concerning the property that was the focus of this lawsuit, before causing a default and judgment to be entered. See Cardet v. Resolution Trust Corp., 563 So.2d 167, 169 n. 2 (Fla. 3d DCA 1990) (quoting Gulf Maintenance & Supply, Inc., at 816).