COPE, J.
Apple Premium Finance Service Company appeals an order denying its motion to set aside a default. We reverse.
Prior to the filing of this lawsuit, there was presuit negotiation between counsel for defendant-appellant Apple and counsel for plaintiff-appellees Teachers Insurance and Annuity Association of America and Texas Commerce Bank National Association. This included correspondence between counsel and a presuit settlement conference between counsel and representatives of the respective clients.
In April 1998, plaintiffs served their complaint on defendant. By affidavit the defendant’s officers say they were under the impression that, as a matter of course, plaintiffs would simultaneously serve defense counsel with the complaint, and accordingly, defendant did not advise its counsel that it had been served. Since defense counsel was not aware that service had been accomplished, counsel did not file any response to the complaint. On the twenty-seventh day, the plaintiffs obtained a clerk’s default ex parte.
One month later, during a telephone conversation between defense counsel and defendant’s officers about a different matter, one of the officers mentioned the present lawsuit. Defense counsel immediately contacted plaintiffs counsel and learned that the clerk’s default had been entered. Defense counsel promptly filed a motion to vacate the default, supported by affidavits of defense counsel and defendant’s officers. The motion made a showing of meritorious defenses, including an answer and affirmative defenses.[1] The motion to vacate the default was denied, and this appeal follows.
First, this court has held that excusable neglect is shown where, “[tjhrough a misunderstanding with their own counsel, defendants did not promptly notify counsel after being served.” Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990). See also Atlantic Asphalt & Equipment Co., Inc. v. Mairena, 578 So.2d 292, 293 (Fla. 3d DCA 1991); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83, 83-84 (Fla. 3d DCA 1987); Somero v. Hendry General Hospital, 467 So.2d 1103, 1105 (Fla. 4th DCA 1985); B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345, 1348 (Fla. 3d DCA 1981). “Florida has a strong public policy in favor of the resolution of disputes on their merits, and thus a policy of liberality in the vacating of defaults.” Apolaro, 566 So.2d at 816 (citations omitted).
Second, “ ‘notice of an application for default should always be served when the plaintiff is aware that a defendant is being represented by counsel who has expressed an intention to defend on the merits.’” Ole, Inc. v. Yariv, 566 So.2d 812, 815 (Fla. 3d DCA 1990) (quoting Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813, 816 (Fla. 1st DCA 1989)); see Sklar v. Brawley, 651 So.2d 1314 (Fla. 3d DCA 1995); Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So.2d 810, 811 (Fla. 3d DCA 1990); Cardet v. Resolution Trust Corp., 563 So.2d 167, 169 & n. 2 (Fla. 3d DCA 1990). Plaintiffs should have followed that procedure here.
*1091 Accordingly, we reverse the order under review and remand with directions to vacate the default.

. Plaintiffs do not dispute that defendant proceeded with due diligence to move to set aside the default, and that the defendant has made the necessary showing of meritorious defenses. See Markowski v. Attel Bank Int'l, 701 So.2d 416, 418 (Fla. 3d DCA 1997).