ALLEN, J.
The appellant challenges an order by which the court refused to set aside a judgment entered upon a default. The appellant’s motion to set aside the judgment was filed under Fla. R. Civ. P. 1.500(d), which provides that the judgment may be set aside in accordance with Fla. *8 R. Civ. P. 1.540(b). Such relief may be had on a showing of excusable neglect, due diligence in pursuing relief, and the assertion of a meritorious defense. E.g., Markowski v. Attel Bank Int, 701 So.2d 416 (Fla. 8d DCA 1997). In the present case the court found excusable neglect, and there does not appear to be any question as to the appellant’s due diligence. The appellant also asserted meritorious defenses in sworn pleadings accompanying her motion to set aside the judgment. Although the appellees have suggested that the appellant’s credibility is suspect, and that she would not ultimately prevail on the facts, these are matters which may be pursued at a trial on the merits. As emphasized in cases such as Markowski, Florida courts have a longstanding policy favoring adjudications on the merits, and inasmuch as the appellant satisfied the requirements for relief in accordance with rule 1.540(b) the judgment should have been set aside. The appealed order is therefore reversed and the case is remanded.
WEBSTER and VAN NORTWICK, JJ., CONCUR.