SCHWARTZ, Chief Judge.
The plaintiffs appeal from judgments below dismissing their attempted class action complaint alleging violations of the resale, or “laundered lemon,” section of the Florida Lemon Law, section 681.114(2), Florida *311 Statutes (2002).[1] We affirm on the ground that the pleadings reveal on their face, see General Motors Acceptance Corp. v. Thomberry, 629 So.2d 292 (Fla. 3d DCA 1993), that the statute of limitations bars the action as a matter of law.[2]
Specifically, the action was brought beyond the three-year limitations period after the delivery of the motor vehicle in question to the respective plaintiff[3] provided by section 681.112(2), Florida Statutes (2002)(“An action brought under this chapter[4] must be commenced within 1 year after the expiration of the Lemon Law rights period .... ”), which incorporates section 681.102(10), Florida Statutes (Supp. Pamphlet 2003)(“ ‘Lemon Law rights period’ means the period ending 24 months after the date of the original delivery of a motor vehicle to a consumer.”).[5]
Moreover, contrary to the plaintiffs’ contention, because it does not so *312 provide, the limitations period was not “tolled” until the discovery of the alleged violations, Davis v. Monahan, 832 So.2d 708 (Fla.2002); Mercedes Benz of North America, Inc. v. Kling, 549 So.2d 795 (Fla. 5th DCA 1989), review denied, 560 So.2d 233 (Fla.1990), and the doctrine of “equitable estoppel” cannot apply because there is no suggestion of post-accrual misconduct by the defendants. See Florida Dep’t of Health & Rehabilitative Servs. v. S.A.P., 835 So.2d 1091 (Fla.2002); Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001).
Affirmed.

. 681.114 Resale of returned vehicles.—
(1) A manufacturer who accepts the return of a motor vehicle by reason of a settlement, determination, or decision pursuant to this chapter shall notify the department and report the vehicle identification number of that motor vehicle within 10 days after such acceptance, transfer, or disposal of the vehicle, whichever occurs later.
(2) A person shall not knowingly lease, sell at wholesale or retail, or transfer a title to a motor vehicle returned by reason of a settlement, determination, or decision pursuant to this chapter or similar statute of another state unless the nature of the nonconformity is clearly and conspicuously disclosed to the prospective transferee, lessee, or buyer, and the manufacturer warrants to correct such nonconformity for a term of 1 year or 12,000 miles, whichever occurs first. The Department of Legal Affairs shall prescribe by rule the form, content, and procedure pertaining to such disclosure statement.
(3) As used in this section, the term "settlement” means an agreement entered into between a manufacturer and consumer that occurs after a dispute is submitted to a procedure or program or is approved for arbitration before the board.

. This holding pretermits discussion or ruling on the other issues presented.

. The complaint was filed on May 26, 2000. The plaintiff Williams purchased his allegedly unlaundered lemon in early 1996; Leopold Griffith, in late 1995; Wilma Misla, in early 1995; Luz Ovalles, in early 1996; and Luciano Morel, in early 1995.

. "This chapter,” Ch. 88-95, Laws of Fla., includes section 681.112(2), which is § 10, at 442, Laws of Fla. and the resale provision sued upon, section 681.114(2), which is § 12, at 443, Laws of Fla.

.Because "a” means any, Izadi v. Machado Ford, Inc., 550 So.2d 1135, 1138, n. 3 (Fla. 3d DCA 1989), and section 681.102(4) provides that:
"Consumer” means the purchaser, other than for purposes of resale, or the lessee, of a motor vehicle primarily used for personal, family, or household purposes[,]
it is clear that the "Lemon Law rights period” begins from the "original” delivery to the particular consumer involved, that is, either the purchaser of a new vehicle suing under the Lemon Law, section 681.112, or, as here, the purchaser at the re sale provided by section 681.114.
In context, then, the difficult word "original” — since it modifies, not "consumer,” but "delivery” — must refer to the first or "original” transfer of a new defective vehicle to the purchaser, rather than any of the successive redelivery-after-attempted-repairs which the statute requires to try to sweeten the Lemon. See § 681.104, Fla. Stat. (2002). The alternative explanation floated at the oral argument that the statute runs only once from the "orig.inal” sale of the vehicle, would mean that, as to resales, which, as in some of the present cases, may occur more than three years after the "original” one, the statute of limitations would have run even before the resale took place. This view must be rejected under the doctrine that a statutory interpretation which leads to absurd results is unacceptable. In sum, we believe that the three-year statute runs as to the principal provisions of the Lemon Law from the original delivery, and, as to the resale provisions, from the resale itself.