948 So.2d 21 (2006)
GABLES CLUB MARINA, LLC, Appellant,
v.
The GABLES CONDOMINIUM AND CLUB ASSOCIATION, INC., Appellee.
No. 3D06-1103.
District Court of Appeal of Florida, Third District.
November 29, 2006.
Rehearing and Rehearing Denied February 2, 2007.
*22 Isicoff, Ragatz & Koenigsberg and Eric D. Isicoff, Teresa Ragatz, Miami, and Matthew S. Sarelson, for appellant.
Blaxberg, Grayson, Kukoff & Segal and Moises Grayson and Ian J. Kukoff; HomerBonner and R. Lawrence Bonner and Christopher J. King, Miami, for appellee.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied February 2, 2007.
CORTIÑAS, Judge.
Appellant, Gables Club Marina, LLC ("Gables Club"), appeals the trial court's order vacating a default judgment entered in its favor. Gables Club contends the default judgment was properly entered and the trial court abused its discretion by vacating the judgment. We disagree and affirm the trial court's order.
Gables Club and The Gables Condominium and Club Association, Inc. ("the Condo Association") were engaged in a dispute over ownership rights to a marina and attempted to settle the issue without resorting to litigation. However, at some point during negotiations, Gables Club found it necessary to file a lawsuit, apparently in an attempt to put the dispute into a proper context for resolution. Thus, Gables Club filed a complaint in circuit court on December 16, 2005.
Instead of serving the complaint on the Condo Association immediately, Gables Club sent the Condo Association a letter on December 22, 2005. This letter explained that a complaint had been filed but would not be served until after the holiday season. The stated purpose was to avoid requiring the Condo Association to file an answer during the holidays. On January 20, 2006, Gables Club served the previously filed complaint on the Condo Association.
Counsel for the Condo Association testified that, after service was complete, he communicated with the attorney for Gables Club and indicated that he understood the context in which the lawsuit was filed. He further represented that he would not seek to dismiss the complaint, even though he found it deficient, but that he would enter a notice of appearance to inform the parties that the lawsuit was being defended. On February 13, 2006, counsel for the Condo Association entered a Notice of Appearance.
One and a half weeks later, Gables Club moved for default, pursuant to Rule 1.500(b) of the Florida Rules of Civil Procedure, arguing that the Condo Association had failed to defend the lawsuit. Gables Club served this motion on the Condo Association and scheduled an ex parte hearing on the motion. On March 1st, the Condo Association responded to the motion via letter addressed to counsel for Gables Club. The letter indicated that the Condo Association had understood the lawsuit to be on hold while the parties talked, but that counsel would promptly respond to the complaint in light of the motion for default.
On March 8, 2006, an ex parte hearing was conducted and the circuit judge entered a default. That same day, Gables Club moved for final judgment on the entry of default. This motion was not served on the Condo Association, and the Condo Association's counsel testified that he did not receive notice of the entry of default until Gables Club moved to strike the Condo Association's March 16th answer, affirmative defenses, and counterclaim. On March 21, 2006, a final judgment of default *23 was entered against the Condo Association.
Upon discovering the entry of default, the Condo Association attempted to file a motion to vacate the default. This motion was originally accepted, then later refused by the clerk of court, because a final judgment had already been entered in the case. In response, the Condo Association paid a fee to reopen the case and filed a Verified Amended Emergency Motion to Vacate the Default and the Default Final Judgment, under Rules 1.500(d) and 1.540(b) of the Florida Rules of Civil Procedure. After a hearing, the trial court granted the motion, and this appeal ensued.
The Florida Supreme Court has long recognized Florida's public policy of adjudicating cases on the merits. N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962).
"`It is the rule that the opening of judgments is a matter of judicial discretion and `in a case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits.''"
Id. (quoting Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, 11 (1942) (quoting 31 Am. Jur. Judgments § 717)). Because of this public policy, the Florida Supreme Court has held that a trial court's vacatur of a default judgment should be reversed only if the vacatur constitutes a gross abuse of discretion. N. Shore, 143 So.2d at 852 (emphasis added).
Here, we cannot say the trial court committed a gross abuse of discretion by vacating the default judgment. Rule 1.540(b) of the Florida Rules of Civil Procedure states, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fla. R. Civ. P. 1.540(b). Courts have interpreted Rule 1.540(b) in its entirety to require a showing of excusable neglect, assertion of a meritorious defense, and due diligence in seeking to vacate the default. See Cinkat Transp., Inc. v. Md. Cas. Co., 596 So.2d 746, 747 (Fla. 3d DCA 1992). Here, the Condo Association demonstrated excusable neglect based on a reasonable misunderstanding regarding settlement negotiations, the Condo Association has presented a meritorious defense, and the Condo Association has exercised due diligence in seeking to vacate the default judgment.
Although Gables Club contends that the trial judge did not apply this three-prong test when adjudicating the motion for vacatur, the transcript of the hearing on the motion to vacate clearly indicates that the parties were disputing whether the factual circumstances constituted excusable neglect. Thus, although the trial judge's order does not use those words, his ruling was based on the proper legal test for vacatur and not solely on his personal beliefs about professionalism.
The Fourth District Court of Appeal has found excusable neglect "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir. . . ." Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1106 (Fla. 4th DCA 1985). Subsequent cases have found that ignorance of the law, whether on the part of counsel or client, does not qualify as excusable neglect. See Geer v. Jacobsen, 880 So.2d 717, 720-21 (Fla. 2d DCA 2004)("The attorney's errors, even if constituting mistakes of law, tactical errors, or judgmental mistakes, do not constitute excusable neglect. Similarly, an *24 attorney's inadvertence or ignorance of the rules does not constitute excusable neglect." (internal citations omitted)); Joe-Lin, Inc. v. LRG Rest. Group, Inc., 696 So.2d 539, 541 (Fla. 5th DCA 1997)("A defendant's failure to retain counsel or a defendant's failure to understand the legal consequences of his inaction is not excusable neglect.") (citation omitted).
However, numerous cases have held that a reasonable misunderstanding between attorneys regarding settlement negotiations does constitute excusable neglect sufficient to vacate a default and that a trial court abuses its discretion by failing to vacate a default entered in such a case. See Levante v. Corallo, 688 So.2d 427, 428 (Fla. 3d DCA 1997); Cole v. Blackwell, Walker, Gray, Powers, Flick & Hoehl, 523 So.2d 725, 725-26 (Fla. 3d DCA 1988); Am. Republic Ins. Co. v. Westchester Gen. Hosp., 414 So.2d 1163, 1163-64 (Fla. 3d DCA 1982); Rubenstein v. Richard Fidlin Corp., 346 So.2d 89, 90-91 (Fla. 3d DCA 1977); Weeks Cartage, Inc. v. CSX Transp., 547 So.2d 237, 238 (Fla. 1st DCA 1989); but cf. George v. Radcliffe, 753 So.2d 573, 574 (Fla. 4th DCA 1999)(affirming denial of motion to vacate default upon finding that the "stand still" period agreed to by the parties had elapsed and the plaintiff had made no attempt to file an answer to the amended counterclaim despite requesting an extension of time).
Here, the record shows that settlement talks were ongoing, even into April 2006, that a complaint was filed while negotiations continued, and that the attorneys for both parties were working together amicably to resolve the dispute between their clients. We find it likely that confusion arose from the fact that the attorney assisting Gables Club with the settlement talks (Jay Koenigsberg) was not the same attorney representing Gables Club in this litigation (Eric D. Isicoff).[1] Given these facts, the trial court found that the Condo Association's belief that no answer needed to be filed was reasonable, regardless of whether the Condo Association has proven the terms of an actual agreement between the parties to that effect. Therefore, we find no gross abuse of discretion in the trial court's finding of excusable neglect.
Moreover, it is clear that the Condo Association has presented a meritorious defense, as the Condo Association filed an answer, affirmative defenses, and counterclaims with the court even before moving to vacate the judgment. See Fortune Ins. Co. v. Sanchez, 490 So.2d 249, 249 (Fla. 3d DCA 1986)(finding that the defendant established a meritorious defense by attaching an answer, with affirmative defenses, to the motion to vacate).
It is also clear that the Condo Association exercised due diligence in seeking to vacate the default and the default final judgment. "It is well-established that issues of `due dilligence' . . . in common with all questions relating to the issue of whether defaults and default judgments should stand, must be evaluated in terms of the particular facts of the case under consideration." Franklin v. Franklin, 573 So.2d 401, 403 (Fla. 3d DCA 1991) (citations omitted).
Here, the Condo Association responded via letter within five days of the motion for default indicating their intent to promptly defend the lawsuit. If Gables Club had any doubt about the Condo Association's intent to defend, this letter gave them actual knowledge of such intent. Seven days after receipt of this letter, Gables Club proceeded with an ex parte hearing, obtained an order of default, and moved *25 for entry of final judgment. This was all done on the same day and all without even a courtesy telephone call to the Condo Association. Gables Club claims that Rules 1.080(a) and 1.500(b) of the Florida Rules of Civil Procedure require service of only the motion to vacate. Gables Club relies on Picchi v. Barnett Bank of S. Fla. N.A., 521 So.2d 1090, 1091 (Fla.1988), and Mondeja v. Cuevas, 583 So.2d 1115, 1116 (Fla. 3d DCA 1991), to further support this proposition. However, in neither Picchi nor Mondeja was a substantive response to the motion for default filed or served. See Picchi, 521 So.2d at 1091; Mondeja, 583 So.2d at 1116.
A review of case law suggests that the Condo Association's March 1st letter triggered an additional obligation on Gables Club to notify the Condo Association that it was proceeding with the default.[2]Cinkat Transp., 596 So.2d at 747; Atl. Asphalt & Equip. Co. v. Mairena, 578 So.2d 292, 293 (Fla. 3d DCA 1991)(per curiam); Apolaro v. Falcon, 566 So.2d 815, 816-17 (Fla. 3d DCA 1990); Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. McWilliams ex rel. Estate of Meyer, 799 So.2d 378, 380 (Fla. 4th DCA 2001) (citation omitted).
On March 16, the Condo Association filed their response to the complaint without any knowledge that a default had been entered one week prior. Five days after their answer, a final judgment of default was entered.[3] More than two weeks after the final judgment and almost three weeks after the Condo Association answered the complaint, Gables Club moved to strike the Condo Association's answer. It was at this time that the Condo Association first received notice of the default and immediately took steps to seek vacatur. In fact, only eleven days elapsed from the time that defense counsel became aware of the entry of default and the filing of the verified emergency motion to vacate. By all accounts, the Condo Association proceeded diligently in seeking to vacate the default final judgment, and Gables Club has not alleged any prejudice by their failure to move more expeditiously than they did. See Markowski v. Attel Bank Intern., 701 So.2d 416, 418 (Fla. 3d DCA 1997)(holding that defendant acted with due diligence when he filed a motion to vacate "as soon as he became aware of the default judgment" and then filed a second motion to vacate "seven days after the first [motion] was denied").
"`[I]t is the tendency of the courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense.'" N. Shore, 143 So.2d at 853 (citing Waterson v. Seat & Crawford, 10 Fla. 326 (Fla. 1863)). We think this especially true in a situation like the one at hand where the parties are engaged in settlement negotiations, the attorneys are communicating amicably and professionally to resolve the dispute, and both parties are aware that the defendant intends to defend the suit. Accordingly, we affirm the trial court's *26 vacatur of the default and default final judgment.
Affirmed.
NOTES
[1] Although different attorneys were involved in this case, both are affiliated with the same law firm, Isicoff, Ragatz and Koenigsberg, P.L.
[2] Counsel for Gables Club also violated an affirmative ethical obligation by failing to notify the Condo Association of the scheduled hearing, and, thereby, procuring a default judgment. See Rapid Credit Corp. v. Sunset Park Ctr., Ltd., 566 So.2d 810, 812 (Fla. 3d DCA 1990)(Schwartz, C.J., specially concurring). Additionally, by separate order, and after notice to the parties, this court has assessed attorney's fees against appellant and appellant's counsel for pursuing this frivolous appeal, pursuant to section 57.105(1), Florida Statutes (2006).
[3] There is no evidence in the record indicating whether the clerk of court complied with Rule 1.500(c) of the Florida Rules of Civil Procedure by notifying the Condo Association that a default had already been entered.