# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-172
Lower Tribunal No. 13-24785
_____

**AIM Recovery Services, Inc.,**
Appellant,

vs.

**Quincy Williams,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Stok Folk + Kon, Robert A. Stok, Shoham Segal and Jamey R. Campellone, for appellant.

Wasson & Associates, Chartered and Annabel C. Majewski, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

EMAS, J.

Appellant, AIM Recovery Services, Inc., appeals a nonfinal order vacating a default and default final judgment. We review the trial court's order for a gross abuse of discretion, <u>Gables Club Marina, LLC v. Gables Condo. & Club Ass'n, Inc.</u>, 948 So. 2d 21 (Fla. 3d DCA 2006) (citing <u>N. Shore Hosp., Inc. v. Barber</u>, 143 So. 2d 849, 852 (Fla. 1962)), and affirm.

Florida Rule of Civil Procedure 1.500(b) authorizes entry of a default by the court, but where the party has filed or served any document in the action,[1] "that party must be served with notice of the application for default." In the instant case, Williams alleged in his motion to vacate that the default and default final judgment were void as having been rendered without notice to him or an opportunity to be heard.[2]

At an evidentiary hearing on Williams's motion to vacate, the trial court weighed the testimony, considered the other evidence presented, and concluded, inter alia, that Williams did not receive notice of the application for default or notice of the motion for default final judgment, and did not have an opportunity to be heard. These determinations are supported by the record.

Because Williams established that he did not receive notice and was not provided an opportunity to be heard, the default and default final judgment were

---

[1] In response to the complaint, Williams filed a motion to dismiss.

[2] At the commencement of the action, Williams was represented by counsel; counsel subsequently withdrew and, at all times relevant to this appeal, Williams was unrepresented.

void and properly vacated. As we held in <u>Cellular Warehouse, Inc. v. GH Cellular, LLC</u>, 957 So. 2d 662 (Fla. 3d DCA 2007) "[a] violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void." "Notice is the first and most essential element of due process and failure to give notice of a default, when required, makes a default void." <u>M.W. v. SPCP Group V, LLC</u>, 163 So. 3d 518, 522 (Fla. 3d DCA 2015). "This court has repeatedly held that a judgment entered without notice to a party is void *ab initio*." <u>State, Dep't of Revenue ex rel. Prinzee v. Thurmond</u>, 721 So. 2d 827, 828 (Fla. 3d DCA 1998) (and cases cited).

Affirmed.