878 So.2d 493 (2004)
E.S., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D03-2899.
District Court of Appeal of Florida, Third District.
August 4, 2004.
*494 Kevin Coyle Colbert, Miami, for appellant.
Calianne P. Lantz, for appellee.
Before COPE, GREEN and SHEVIN, JJ.
COPE, J.
E.S. appeals a final judgment terminating her parental rights. We remand for further proceedings.

I.
The Department of Children and Family Services ("Department") filed a petition for termination of parental rights against E.S., the mother of the minor child, J.S. In June, 2003, the mother personally appeared for the advisory hearing which was conducted by a General Master. The General Master scheduled the final hearing for August 18, 2003 and warned the mother that failure to appear would cause her parental rights to be terminated without further notice.
The mother was initially represented by private counsel but subsequently was granted court-appointed counsel. The mother attended all of the pretrial hearings.
On August 18, the case came before the court for the final hearing on termination of parental rights. The mother and her appointed counsel were both absent. The Department's attorney expressed surprise at the mother's absence, noting that she had attended all prior proceedings in the case. The court heard briefly from the Department's counselor and the guardian ad litem, who recommended termination. On August 26, the court entered its final judgment of the termination of parent rights.
The next day, on August 27, the mother moved to set aside her default and the final judgment. The motion asserted that the mother was unable to attend the final hearing due to medical reasons and that her physician would provide a medical justification. The motion also stated that appointed counsel had advised the judge's chambers that he was in another termination of parental rights trial and would be unable to be present at E.S.'s trial. Thereafter counsel filed an amended motion attaching a letter from a neurologist *495 stating that on August 18 the mother was in pain and unable to drive.
The trial court conducted a hearing attended by the mother, her appointed counsel, and the Department's counsel. The mother's counsel requested that the court take testimony from the mother regarding her medical condition on August 18, but the court declined to do so.[1] Appointed counsel explained that he had been absent because he was in another termination of parental rights trial. Counsel for the guardian ad litem argued that the conflicting trial had been set far enough in advance that appointed counsel should have obtained substitute counsel to appear for the mother on August 18. The Department and the guardian ad litem maintained that they had received no motion for continuance from appointed counsel, while appointed counsel stated that he had filed one.
The trial court denied the motion, stating that it "fails to provide adequate medical documentation and a meritorious defense. The motion is legally insufficient, as well." [R.389]. This appeal follows.

II.
As amended in 1999, chapter 39 states, in part:
(d) ... If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
§ 39.801(3)(d), Fla. Stat. (2003); see ch. 99-193, § 42, Laws of Fla.; J.B. v. Florida Dept. of Children and Family Servs., 768 So.2d 1060, 1065 n. 3 (Fla.2000).
At the advisory hearing the General Master advised the mother of the date, time, and place of the final hearing. The General Master stated:
If you fail to appear on that day at that time, your rights will be terminated without further hearing, and any contact that you have or may be entitled to with regard to this child will be cut off at that time.
TR. June 10, 2003, at 11.[2]
There is a technical error in the otherwise thorough warning given by the General Master. The statute contemplates that "the court orders that parent to personally appear at the adjudicatory hearing...." § 39.801(3)(d), Fla. Stat. (emphasis added). In this case the General *496 Master did not specifically order that the mother appear at the adjudicatory hearing. However, this error was harmless because the Master's warning specifically advised the mother that if she failed to appear, then her rights would be terminated without further hearing. Thus, the statute was adequately invoked in this case.
When the mother failed to appear at the final hearing on August 18, this amounted to a consent and the trial court was authorized to enter the final judgment accordingly.

III.
The mother filed her motion to vacate the termination judgment arguing, in essence, excusable neglect. She maintained that she could not attend the final hearing by reason of her physical condition and that her appointed counsel failed to attend because he was in a conflicting termination of parental rights trial.
Several months after the proceedings below, this court announced R.H. v. Department of Children and Family Servs., 860 So.2d 986 (Fla. 3d DCA 2003). There the respondent father failed to attend the final hearing through inadvertent error because the date of the final hearing had been changed. The father sought to set aside the default. This court held that the usual three-part test for vacating a default would apply, namely, that the party seeking to vacate the default act with due diligence, demonstrate excusable neglect, and demonstrate the existence of a meritorious defense to the termination petition. See id. at 988; see also Markowski v. Attel Bank Int'l, 701 So.2d 416, 418 (Fla. 3d DCA 1997).
We conclude that the principles outlined in R.H. are applicable when the court has proceeded under paragraph 39.801(3)(d), Florida Statutes, as the court did here. In this case the mother acted with due diligence in filing the motion, which was filed one day after the termination judgment and nine days after the final hearing.
At the hearing on the motion, the Department and the guardian ad litem argued that the medical excuse was insufficient. Although the doctor's letter stated that the mother was in pain and unable to drive, the Department and guardian argued that this failed to establish that the mother was unable to travel to the hearing by other means. The Department and guardian ad litem also argued that the written motion did not set forth a meritorious defense.
In response, appointed counsel asked that the mother be allowed to testify. After further argument, the court denied the motion to vacate and the mother was not allowed to testify.
We must respectfully disagree with the trial court on this point. The mother had attended all of the previous hearings in the case and maintained that she was physically unable to come to court on the date of the final hearing. We share the court's skepticism about the sufficiency of the medical excuse, but the mother should have been allowed the requested opportunity to testify in opposition to the arguments that the medical excuse was insufficient and that she had no meritorious defense.
We are conscious of the difficult burden placed on the trial court to strike the balance between the competing interests of parents and children in termination cases, and do not lightly reverse termination judgments. Under the circumstances of this case, however, we conclude that the mother must be allowed to testify in support of the motion to vacate. At *497 such hearing the mother carries the burden of persuasion. If the motion to vacate is found to be meritorious, then the statutory consent must be set aside and there must be a new final hearing. If, however, the mother fails to carry her burden, then the termination judgment must be reentered.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Counsel stated that the mother called him about her medical condition on August 18 or the day before.
[2] The General Master continued:

If for some reason you were to become incarcerated, go to jail, between now and August [18], it would be the State's obligation to transport you here for the hearing.
If you are in jail they can't default you if they don't transport you.
If you escape from jail, or otherwise continue to live on your own as you are now, it's your obligation to get to Court on your own.
Mr. Labora is appointed as your lawyer. It is your job to stay in touch with him.
If you move, change your address, your phone number, anything, you need to make sure he knows, because from now on notice to him is the same as notice to you, and if there are any changes in the status of this case, and the Court or the Department contacts him, and he unable to reach you, notice to him will still be just as good as if they had notified you directly, understand?
Id. The final hearing was initially stated to be August 11, but later in the advisory hearing it was rescheduled by agreement to be August 18.